■ BARDEN & ROBESON CORPORATION, Respondent, v ROBERT TIMMERMAN, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 27, 1984 in Tioga County, upon a decision of the court at Trial Term (Crew, III, J.), without a jury.

Plaintiff fabricates and markets housing components. On July 19, 1982, defendant signed a contract for the purchase of component parts from plaintiff with the intention of assembling those parts into a house on property owned by him. The written contract required the total payment of $51,206, including sales tax. Under the provision entitled "Terms", the contract contained the notation "80%—20%". Its meaning was not otherwise explained or defined by the contract. Within five days after the delivery of the main load of housing components, defendant paid plaintiff $40,150.86 pursuant to an invoice dated June 30, 1983. Defendant apparently became

dissatisfied with the materials received and canceled delivery of the remaining components. Plaintiff then sent defendant an invoice for $7,166.50, representing the balance due on all materials delivered to defendant and including sales tax and late charges. Upon defendant's refusal to pay, this action was commenced.

Trial Term was presented with two conflicting views as to the interpretation of the notation "80%—20%". Plaintiff's witnesses testified that the contract was considered to be indivisible in all respects, but that payments were to be made in two installments. Because of defendant's inability to finance the entire purchase price immediately, he was permitted to pay 80% of the purchase price at the time of delivery of the main load and the remaining 20% of the purchase price at the time of delivery of the remaining materials, called the trim load. Defendant admitted at trial that when he signed the contract, he intended to accept all of the materials listed in the contract specifications. In a letter transmitting to defendant the contract copy signed by plaintiff's general manager, defendant was informed that the reserve to be paid upon delivery of the trim load (20%) was more than the purchase price of the materials to be delivered at that time and, in the event the trim load was refused, defendant would owe plaintiff for materials previously delivered in the main load. The same officer also testified that trim-load materials for a house of the approximate dimensions that was constructed by defendant would never amount to more than $4,000 under ordinary circumstances. There was no disagreement as to the identity of materials actually delivered.

Defendant contended that the contract was divisible and that he was obligated to pay 80% of the total contract price for materials delivered in the main load and 20% of the total contract price for materials to be delivered in the trim load. Therefore, he had paid plaintiff in full for the materials delivered and he was not obligated to pay the remaining 20% because he canceled the order for the trim load.

Trial Term determined that the contract was not divisible simply because it provided for installment payments and that defendant was aware that the materials he received were worth more than 80% of the total contract price. Consequently, the court determined that plaintiff was entitled to receive the difference between the fair market value of the materials delivered and the amount paid by defendant.

We agree with Trial Term's determination. "Whether a contract is entire or severable generally is a question of

intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted" *(Christian v Christian, 42 NY2d 63, 73, citing 5 Williston, Contracts § 767, at 629 [3d ed 1961]; see also, First Sav. & Loan Assn. v American Home Assur. Co., 29 NY2d 297, 299; Shalman v Board of Educ., 31 AD2d 338).* Where the parties contemplate fulfillment of the entire contract, the contract is treated as indivisible *(Matter of Rogers v Graves, 254 App Div 467, 470-471, revd on other grounds 279 NY 375).* In this case, it appears that the parties intended completion of the contract. The contract called for providing materials to construct a complete house *(see, New Era Homes Corp. v Forster, 299 NY 303).* Trial Term determined that the parties intended only a financing arrangement by incorporating the "80%—20%" terms, and there appears to be no reason to disturb this finding of fact on appeal *(see, Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492).*

We have considered the other contentions raised by defendant and have found them to be without merit.

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.