■ MICRO BALANCED PRODUCTS CORP., Appellant, v HLAVIN INDUSTRIES LTD. et al., Respondents, et al., Defendants. [667 NYS2d 1] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered November 19, 1996, which, *inter alia*, dismissed without prejudice all causes of action alleged in the complaint as against defendants Hlavin Industries Ltd. and Hlavin Cosmetics Ltd., unanimously reversed, on the law, without costs, the complaint reinstated and all proceedings stayed as against said defendants, without prejudice to application for such further relief as may be appropriate upon resolution of the action pending before the courts of Israel.

Plaintiff Micro Balanced Products Corp. brought this action in June 1986 claiming that defendants Hlavin Industries Ltd. and Hlavin Cosmetics Ltd. (collectively, Hlavin) wrongfully terminated an agreement designating plaintiff as the exclusive distributor of Hlavin's products. It is alleged that Hlavin dealt directly with defendant Tactica, in violation of the exclusive distribution agreement, and tortiously interfered with a marketing contract between plaintiff and defendant Purity Life Health Products Ltd.

In July 1986, Hlavin commenced an action against plaintiff in the District Court of Tel Aviv, Israel. Hlavin thereafter moved for dismissal of the instant action based upon the forum selection clause of its agreement with plaintiff, which provides: "The courts of Tel-Aviv shall have jurisdiction over any matter arising from or concerning this agreement." Supreme Court granted Hlavin's motion, holding that the provision grants

exclusive jurisdiction to the Israeli courts and finding that plaintiff will not sustain prejudice as a result of the enforcement of the forum selection clause.

Hlavin has advised this Court that trial of its action against Micro Balanced Products Corp. is scheduled to be conducted in the District Court of Tel Aviv on July 10, 1997. The record indicates that issue has not been joined by defendants Hlavin and Tactica and that the question of personal jurisdiction over defendant Purity has not yet been resolved.

A clause designating the forum for resolution of disputes arising in connection with an international business agreement is presumed to be valid and enforceable unless unreasonable or unjust (*The Bremen v Zapata Off-Shore Co.*, 407 US 1, 13-14 ["The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting"]). While language such as that employed by the parties has generally been construed as mandatory (*e.g., Seward v Devine*, 888 F2d 957, 962 [2d Cir 1989] [language that court "shall have jurisdiction" is mandatory], citing *Bense v Interstate Battery Sys.*, 683 F2d 718, 722 [2d Cir 1982] [court should not adopt interpretation that "would render the forum selection clause meaningless"]), plaintiff contends that this conclusion is not imperative (citing *Boutari and Son v Attiki Importers & Distribs.*, 22 F3d 51, 52 [2d Cir 1994] [contract's recitation that disputes "shall come within the jurisdiction of the competent Greek Courts" does not preclude District Court from exercising jurisdiction as clause does not specifically exclude jurisdiction in other courts]).

The outcome in the *Boutari* case may have less to do with the failure of the forum selection clause to explicitly restrict jurisdiction to the designated tribunal than to movant's extensive participation in the litigation prior to advancing an objection to jurisdiction (*supra*, at 53). In any event, as we have noted, "It is the policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33, citing *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201 [choice of law], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith*, 516 US 811). Where, as here, the parties' designation of a forum for the resolution of disputes is apparent from the face of their agreement, they will be directed to litigate before the specified tribunal. However, to the extent that the designated court does not possess jurisdiction over all parties or power to determine

all issues so as to accord complete relief, resort may be had to further proceedings before the courts of this State. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.