■ MARK J. BOSS et al., Appellants, v AMERICAN EXPRESS FINANCIAL ADVISORS, INC., et al., Respondents. [791 NYS2d 12]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), entered October 20, 2003, dismissing the complaint in this action for purported Labor Law violations, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 16, 2003, which granted defendants' motions to dismiss the complaint, unanimously dismissed, without costs, as subsumed within the appeal from the judg-

ment. Appeal from order, same court and Justice, entered May 13, 2004, which granted plaintiffs' motion for reargument but adhered to the judgment, unanimously affirmed, without costs.

Plaintiffs, first-year financial advisors, entered into employment agreements with defendants, Delaware corporations with their principal place of business in Minneapolis. The employment agreements set forth a monthly salary and an expense allowance from which the employer would deduct certain necessary business expenses. The parties agreed to the jurisdiction of the Minnesota courts for determining any controversy in connection with the employment agreements, and that Minnesota law governed. In addition, plaintiffs "expressly waive[d] any privileges contrary to this provision."

More than four years after plaintiffs' employment with defendants ended, they commenced this action in New York on the ground that the salary/expense deduction provision in the employment agreements violated Labor Law § 193 and Rules of the Division of Labor Standards (12 NYCRR) § 195.1, which prohibit an employer from deducting more than 10% of an employee's gross wages.

Defendants moved to dismiss the complaint on the ground that plaintiffs were required to litigate any claim arising from the employment agreements in Minnesota. Plaintiffs argued that the employment agreements did not prohibit the New York courts from hearing their claim. The Supreme Court found the employment agreements dispositive and noted that there was no evidence that plaintiffs would be denied their day in court in Minnesota. Plaintiffs moved to reargue on the ground that they were time-barred from commencing an action in Minnesota. The court granted reargument, but adhered to its original determination.

It is the well-settled "policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33 [1995]; *accord Micro Balanced Prods. Corp. v Hlavin Indus.*, 238 AD2d 284 [1997]). The parties here agreed to the jurisdiction of the Minnesota courts to resolve any controversy and agreed that Minnesota law would apply. There is no requirement for "a more explicit expression of consent to the jurisdiction of the courts of a particular State" (*Koob*, 213 AD2d at 33-34).

The forum-selection and choice-of-law clause is prima facie valid. In order to invalidate the clause, plaintiffs must show that its enforcement "would be unreasonable, unjust, or would contravene public policy, or that the clause is invalid because of

fraud or overreaching" (*Koko Contr. v Continental Envtl. Asbestos Removal Corp.*, 272 AD2d 585, 586 [2000]; *see also Bell Constructors v Evergreen Caissons*, 236 AD2d 859 [1997]).

Plaintiffs argue that because New York's employment law affords greater protection to its workers than Minnesota's, enforcement of the choice-of-law provision would violate public policy. Even assuming that New York provides greater protection to its employees, "[p]ublic policy, per se, plays no part in a *choice* of law problem" (*Dym v Gordon*, 16 NY2d 120, 128 [1965]). Indeed, "a mere difference between the foreign rule and our own" does not warrant a refusal to apply the foreign law (*id.*). Here, plaintiffs do not complain that the deductions were not valid business expenses, but rather that they exceeded the amount permissible under New York law. This is not the type of transaction that violates fundamental principles of justice (*see Intercontinental Hotels Corp. v Golden*, 15 NY2d 9, 13 [1964] [foreign-based rights should be enforced unless their enforcement would result in approval of transaction that is inherently vicious, wicked or immoral, and shocking to prevailing moral senses]). Accordingly, the motion court properly upheld the choice-of-law provision.

With respect to the forum-selection clause, plaintiffs specifically contracted to litigate their claim in Minnesota. Thus, they have not been deprived of a forum. Rather, they are time-barred from proceeding in the agreed-upon forum. The fact that New York provides a longer statute of limitations does not avail plaintiffs where they specifically agreed to proceed under Minnesota law. Indeed, New York law specifically allows parties to a civil action to shorten the applicable statute of limitations by written agreement (*see* CPLR 201), so long as the agreement does not conflict with public policy (*John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]). Notably, plaintiffs failed to commence their action in New York within Minnesota's applicable statute of limitations. In any event, even if plaintiffs were allowed to litigate their claim in New York, Minnesota law would still govern. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.