[844 NE2d 1142, 811 NYS2d 620]

Mark J. Boss et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v American Express Financial Advisors, Inc., et al., Respondents.

Argued January 10, 2006; decided February 9, 2006

## POINTS OF COUNSEL

*Paduano & Weintraub LLP,* New York City (*Leonard Weintraub* and *Willard Knox* of counsel), and *Law Offices of Jon E. Drucker,* Beverly Hills, California (*Jon E. Drucker* of counsel), for appellants. I. The court below erred by not applying the public policy exception to enforcement of the forum selection clause. (*National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams,* 223 AD2d 395; *The Bremen v Zapata Off-Shore Co.,* 407 US 1; *City of New York v Pullman Inc.,* 477 F Supp 438; *Central Natl.-Gottesman, Inc. v M.V. "GERTRUDE OLDENDORFF",* 204 F Supp 2d 675; *Jockey Intl., Inc. v M/V "LEVERKUSEN EXPRESS",* 217 F Supp 2d 447; *Hartford Fire Ins. Co. v Novocargo USA Inc.,* 156 F Supp 2d 372; *Koko Contr. v Continental Envtl. Asbestos Removal Corp.,* 272 AD2d 585.) II. The court below erred in declining to distinguish between a permissive and mandatory forum selection clause. (*Fleet Capital Leasing/ Global Vendor Fin. v Angiuli Motors, Inc.,* 15 AD3d 535; *Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270; *Koko Contr. v Continental Envtl. Asbestos Removal Corp.,* 272 AD2d 585; *Hirschman v National Textbook Co.,* 184 AD2d 494; *Micro Balanced Prods. Corp. v Hlavin Indus.,* 238 AD2d 284; *Brooke Group v JCH Syndicate 488,* 87 NY2d 530; *Bell Constructors v Evergreen Caissons,* 236 AD2d 859; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams,* 223 AD2d 395; *City of New York v Pullman Inc.,* 477 F Supp 438; *Hartford Fire Ins. Co. v Novocargo USA Inc.,* 156 F Supp 2d 372.)

*Faegre & Benson,* Minneapolis, Minnesota (*Daniel C. Gerhan* and *Holly M. Robbins* of counsel), and *Stroock & Stroock & Lavan LLP,* New York City, for respondents. I. New York's public policy favors enforcement of forum selection clauses. (*Brooke Group v JCH Syndicate 488,* 87 NY2d 530; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,* 172 AD2d 234; *Koob v IDS Fin. Servs.,* 213 AD2d 26; *The Bremen v Zapata Off-Shore Co.,* 407 US 1; *Carnival Cruise Lines, Inc. v Shute,* 499 US 585; *Northwestern Natl. Ins. Co. v Donovan,* 916 F2d 372; *D.O.T. Tiedown & Lifting Equip. v Wright,* 272 AD2d 290; *Personius v Butters,* 249 AD2d 831; *Bell Constructors v Evergreen Caissons,* 236 AD2d 859; *Matter of Fidelity & Deposit Co. of Md. v Altman,* 209 AD2d 195.) II. The forum selection clause is mandatory. (*Karl Koch Erecting Co., Inc. v New York*

*Convention Ctr. Dev. Corp.,* 656 F Supp 464, 838 F2d 656; *Babcock & Wilcox Co. v Control Components,* 161 Misc 2d 636; *Roby v Corporation of Lloyd's,* 996 F2d 1353; *Micro Balanced Prods. Corp. v Hlavin Indus.,* 238 AD2d 284; *Koob v IDS Fin. Servs.,* 213 AD2d 26; *Water Energizers, Ltd. v Water Energizers, Inc.,* 788 F Supp 208; *Cambridge Nutrition A.G. v Fotheringham,* 840 F Supp 299; *Frietsch v Refco, Inc.,* 56 F3d 825; *Koko Contr. v Continental Envtl. Asbestos Removal Corp.,* 272 AD2d 585; *Hirschman v National Textbook Co.,* 184 AD2d 494.) III. The forum selection clause does not violate New York public policy. (*Koko Contr. v Continental Envtl. Asbestos Removal Corp.,* 272 AD2d 585; *Finucane v Interior Constr. Corp.,* 264 AD2d 618; *Loucks v Standard Oil Co. of N.Y.,* 224 NY 99; *Cooney v Osgood Mach.,* 81 NY2d 66; *Central Natl.-Gottesman, Inc. v M.V. "GERTRUDE OLDENDORFF",* 204 F Supp 2d 675; *Street, Sound Around Elecs., Inc. v M/V Royal Container,* 30 F Supp 2d 661; *John J. Kassner & Co. v City of New York,* 46 NY2d 544; *H.P.S. Capitol v Mobil Oil Corp.,* 186 AD2d 98; *The Bremen v Zapata Off-Shore Co.,* 407 US 1; *Red Bull Assoc. v Best W. Intl., Inc.,* 686 F Supp 447, 862 F2d 963.)

### OPINION OF THE COURT

G.B. SMITH, J.

The issue here is whether a forum selection clause requiring that any action be brought in Minnesota courts should be enforced. We agree with the Appellate Division that the forum selection clause is valid and affirm its order dismissing the action.

## Facts

The three plaintiffs in this action, all of whom resided in the Syracuse, New York area, sue on behalf of themselves and the putative class action members who are similarly situated (*see* CPLR 901). At issue is whether the "expense allowance" paid by each advisor for the maintenance of office space and overhead expenses was a violation of the laws of New York State and requires that the matter be heard in New York State courts.

The plaintiffs were all first-year financial advisors at the time that they signed their contracts with IDS Life Insurance Co. (IDS). Plaintiffs earned $2,000 per month and were required to pay $900 per month for expense allowances. These allowances covered all overhead expenses such as building rent and maintenance, office support staff, and office supplies, among other expenses.

In December 2002, plaintiffs filed suit in Supreme Court, New York County alleging a violation of Labor Law § 193 and 12 NYCRR 195.1. American Express Financial Advisors, Inc. (AEFA) and IDS filed joint motions to dismiss based, in part, upon inconvenient forum, a defense founded on documentary evidence and a failure to state a cause of action (CPLR 327, 3211 [a] [1], [7]). Supreme Court granted the motion, stating:

"The Agreement's forum selection language not only affirms Minnesota jurisdiction, it includes a waiver of any contrary privileges. No alternative is permitted.

"There are no allegations of fraud or overreaching here; there is no evidence plaintiffs will be denied their day in court in Minnesota."

Plaintiffs moved to reargue and vacate the judgment, asserting that the statute of limitations had expired in Minnesota and plaintiffs would not have their day in court as was contemplated in the October 9, 2003 opinion by the court. Supreme Court granted the motion to reargue in order to address the argument that the Minnesota statute of limitations had run and determined that the "statute of limitations" is not the "sort of grave difficulty and inconvenience" that should lead to the application of New York law (*see Matter of Fidelity & Deposit Co. of Md. v Altman*, 209 AD2d 195 [1st Dept 1994]). Thus, Supreme Court denied plaintiffs' motion to vacate the earlier decision.

The Appellate Division affirmed, determining:

"With respect to the forum-selection clause, plaintiffs specifically contracted to litigate their claim in Minnesota. Thus, they have not been deprived of a forum. Rather, they are time-barred from proceeding in the agreed-upon forum. The fact that New York provides a longer statute of limitations does not avail plaintiffs where they specifically agreed to proceed under Minnesota law." (15 AD3d 306, 308 [2005].)

## Discussion

Plaintiffs argue first that the forum selection clause is permissive but not mandatory. It reads as follows:

"This Agreement is a Minnesota contract, governed by Minnesota law. All of the payments you make to

IDS Life are payable in Hennepin County, Minnesota. You expressly waive any privileges contrary to this provision. You agree to the jurisdiction of [the] State of Minnesota courts for determining any controversy in connection with this Agreement."

The contractual language here provides unambiguously that any disputes are to be decided in the courts of Minnesota and that Minnesota law should govern. The parties thus waived any privilege to have their claims heard elsewhere.

Plaintiffs also argue that the wage deductions were in contravention of Labor Law § 193 (1),[1] § 198-c,[2] and 12 NYCRR 195.1,[3] and unreasonable, unjust and contrary to the public policy concerns of New York. Plaintiffs argue that New York

1. "[Labor Law] § 193. Deductions from wages
"1. No employer shall make any deduction from the wages of an employee, except deductions which:
"a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
"b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee."

2. "[Labor Law] § 198-c. Benefits or wage supplements
"1. In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of the article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.
"2. As used in this section, the term 'benefits or wage supplements' includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

3. "Section 193, subdivision 1 (b), of the New York State Labor Law permits an employer to make deductions from an employee's wages for certain enumerated items and also for 'similar payments for the benefit of the employee'. Permitted deductions for all such non-enumerated items shall not exceed, in the aggregate, 10 percent of the gross wages due the employee for a payroll period."

State law forbids deductions of more than 10% from an employee's wages (*see* 12 NYCRR 195.1). As a result of these provisions of New York law, plaintiffs argue that defendants should not be able to enforce the forum selection clause.

Plaintiff's argument, however, is misdirected. The issue they raise is really one of choice of law, not choice of forum; it is the choice of *law* clause that, according to plaintiffs, may not be enforced. They say, in substance, that, since plaintiffs worked in New York, New York law must govern the deductions from their wages, even though the contract contains a Minnesota choice of law clause.

We express no opinion on the merits of plaintiffs' argument. It could and should have been made to a court in Minnesota—the forum the parties chose by contract. If New York's interest in applying its own law to this transaction is as powerful as plaintiffs contend, we cannot assume that Minnesota courts would ignore it, any more than we would ignore the interests or policies of the State of Minnesota where they were implicated. In short, objections to a choice of law clause are not a warrant for failure to enforce a choice of forum clause.

"Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes" (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). The Supreme Court noted that all of the proceedings regarding the contract and the employment training took place in Minnesota. Further, defendants, incorporated in Delaware, had their principal places of business in Minnesota. All paychecks were generated from the Minnesota office. There does not appear to be a reason why IDS or AEFA would contemplate coming into New York for litigation. Here it is clear from the setup of the agreement that plaintiffs' reasonable expectations were that all litigation would take place in Minnesota, not New York.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.