RICHARD CHIARIZIA, Appellant, v XTREME RYDZ CUSTOM CYCLES et al., Defendants, and FOURNIER'S AUTOMOTIVE, INC., Doing Business as XTREME RYDZ OF ORLANDO, Respondent. [842 NYS2d 117]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered June 14, 2006 in a personal injury action. The order granted the motion of defendant Fournier's Automotive, Inc., doing business as Xtreme Rydz of Orlando, seeking dismissal of the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the handlebars of his motorcycle broke off while he was riding it. Plaintiff purchased the motorcycle in Florida from Fournier's Automotive, Inc., doing business as Xtreme Rydz of Orlando (defendant), and at that time he signed a document entitled "Disclaimer of Safety and Waiver of Liability." That document provides in relevant part that "[p]urchaser agrees that any legal action or litigation against Fournier's Automotive Inc. or Xtreme Rydz of Orlando, will be submitted only in Orange County, Florida." We conclude that Supreme Court properly granted the motion of defendant seeking dismissal of the complaint against it based upon that forum selection clause.

A contractual forum selection clause is "prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid

due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]; *see Bell Constructors v Evergreen Caissons*, 236 AD2d 859, 860 [1997]). We note in addition that a person who " 'signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it' " (*Fleet Capital Leasing/ Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535, 536 [2005]).

Here, plaintiff's sole challenge to the forum selection clause was that New York was the more convenient forum because all of the witnesses and the motorcycle itself are located in New York, and it would be a great economic hardship on him to pay for all of the witnesses to travel to Florida for a trial of this action. That challenge is insufficient, however, because plaintiff has failed to demonstrate that enforcement of the forum selection clause would, in effect, deny him his day in court, and he has failed to allege that the clause was the result of fraud or overreaching (*see Bell Constructors*, 236 AD2d at 860). The fact that New York may be a more convenient forum is immaterial because defendant's motion is based on the parties' contract and not on the doctrine of forum non conveniens (*cf. Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 477 [1984], *cert denied* 469 US 1108 [1985]; *Allen v Marais, S.A.*, 307 AD2d 613 [2003]). Plaintiff contends for the first time on appeal that, pursuant to the General Business Law and the Uniform Commercial Code, the document at issue is void as against public policy and thus that the forum selection clause is also unenforceable. That contention is not preserved for our review (*see Earley v Town of Allegany*, 298 AD2d 906, 907 [2002], *lv denied* 7 NY3d 713 [2006]) and, in any event, it is without merit. " 'Whether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted' " (*Barden & Robeson Corp. v Timmerman*, 116 AD2d 814, 815-816 [1986], quoting *Christian v Christian*, 42 NY2d 63, 73 [1977]). The document at issue contains several discrete provisions that are not intertwined, and we conclude therefrom that the parties intended that each of those provisions is severable. Thus, even if the waiver of liability provision of the disclaimer is unenforceable, the forum selection clause remains viable (*see Scavenger, Inc. v GT Interactive Software*, 273 AD2d 60, 61 [2000]).

Plaintiff's remaining contention is not preserved for our

review and is, in any event, without merit. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.