STEVEN J. DOMINSKI, Appellant, v FRANK WILLIAMS AND SON, LLC, Respondents, et al., Defendant. [848 NYS2d 791]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 5, 2006. The order, among other things, granted the motion of defendants Frank Williams and Son, LLC, Frank L. Williams, Mark F. Williams, Sr., Michael J. Dowd, Esq. and Clark's Burger House, LLC for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action sounding in, inter alia, coercion and fraud. We conclude that Supreme Court properly granted the motion of defendants-respondents (hereafter defendants) seeking to

dismiss the amended complaint against them pursuant to CPLR 3211 (a) (1) and (7). Defendants submitted documentary evidence conclusively refuting the allegations in the amended complaint that the lease agreement and the order of eviction to which plaintiff stipulated resulted from their alleged coercion or misrepresentation of a material fact, and thus "dismissal pursuant to CPLR 3211 (a) (1) is warranted" (*Berardino v Ochlan*, 2 AD3d 556, 557 [2003]). Indeed, the documentary evidence submitted by defendants establishes that they held the mortgage on plaintiff's property, that plaintiff deeded the property to defendants in lieu of foreclosure with a lease-back arrangement, and that plaintiff stipulated to the subsequent order of eviction, pursuant to which plaintiff would be evicted in the event that he did not pay the amount of rent owed to defendants by a date certain. We note in addition that plaintiff was represented by counsel throughout the transactions and proceedings in question and that plaintiff acknowledged having read and approved the order of eviction to which he stipulated (*see generally Chiarizia v Xtreme Rydz Custom Cycles*, 43 AD3d 1353, 1354 [2007]). In any event, we further conclude that defendants are entitled to dismissal of the amended complaint against them for failure to state a cause of action, pursuant to CPLR 3211 (a) (7). "While it is axiomatic that a court must assume the truth of the complaint's allegations, such an assumption must fail where there are conclusory allegations lacking factual support" (*Elsky v KM Ins. Brokers*, 139 AD2d 691 [1988]).

We have reviewed plaintiff's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.