# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1527**
**CA 10-00368**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

BERNARD DIPIZIO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOROTHY DIPIZIO, DEFENDANT-APPELLANT.

---

HOGAN WILLIG, AMHERST (GEFFREY GISMONDI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Janice M. Rosa, J.), entered December 17, 2009. The judgment granted in part the amended complaint to enforce the parties' postnuptial agreement.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: As limited by her brief, defendant appeals from a judgment granting in part the relief requested in the amended complaint insofar as that judgment brings up for review a prior order entered in December 2008. That order, inter alia, denied defendant's motion to dismiss the amended complaint seeking to enforce the terms of the parties' postnuptial agreement. The contention of defendant that the postnuptial agreement is unenforceable because her signature was not acknowledged as required by Domestic Relations Law § 236 (b) (3) was raised for the first time in her reply papers and thus was not properly before Supreme Court (*see Schissler v Athens Assoc.*, 19 AD3d 979; *Hoyte v Epstein*, 12 AD3d 487, 488). Indeed, the court did not address that contention in its December 2008 order. To the extent that defendant further contends that the court erred in denying the motion because the postnuptial agreement was obtained as a result of plaintiff's misrepresentations concerning its contents and because plaintiff failed to comply with the terms of that agreement, we conclude that defendant failed to submit any evidence to support that contention. Rather, defendant merely relied on conclusory allegations in support of the motion, which plaintiff disputed (*see generally Dominski v Frank Williams & Son, LLC*, 46 AD3d 1443).

The contention of defendant that her motion should have been granted because the Judicial Hearing Officer (JHO) erred in incorporating the terms of the postnuptial agreement into a September

2002 order discontinuing and dismissing defendant's divorce action is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, that contention is without merit.  We conclude that the JHO did not abuse his discretion in discontinuing the action upon the consent of both parties or incorporating the terms of the postnuptial agreement into the September 2002 order inasmuch as the incorporation of those terms was a condition of discontinuance that the JHO "deem[ed] proper" and, indeed, that the parties requested (CPLR 3217 [b]).

Entered:  February 10, 2011                      Patricia L. Morgan
                                                 Clerk of the Court