People v Harris Originals of NY, Inc. (2020 NY Slip Op 06883)





People v Harris Originals of Ny, Inc.


2020 NY Slip Op 06883


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


586 CA 19-01138

[*1]THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF STATE OF NEW YORK, PLAINTIFF-APPELLANT-RESPONDENT,
v
HARRIS ORIGINALS OF NY, INC., ET AL., DEFENDANTS-RESPONDENTS-APPELLANTS. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
VENABLE LLP, NEW YORK CITY (ALLYSON B. BAKER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.


 Appeal and cross appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered April 29, 2019. The order granted in part and denied in part the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of the motion seeking to dismiss the seventh cause of action and reinstating that cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action alleging various claims for usury, common-law and statutory fraud, and deceptive business practices. Supreme Court granted in part and denied in part defendants' motion to dismiss the complaint. Plaintiff appeals, and defendants cross-appeal.
We agree with plaintiff on its appeal that the court erred in granting the part of defendants' motion that sought to dismiss the seventh cause of action, which alleges that defendants operated a "credit services business" in a manner that violated General Business Law § 458-h. A "credit services business" is defined as "any person who sells, provides, or performs, or represents that he can or will sell, provide or perform, a service for the express or implied purpose of improving a consumer's credit record, history, or rating or providing advice or assistance to a consumer with regard to the consumer's credit record history or rating in return for the payment of a fee" (§ 458-b [1]). According to the complaint, defendants "represent[]" that they "provide" a "service" to consumers—specifically, financing the purchase of jewelry—and defendants market such financing as a means "of improving [the] consumer's credit record." Put simply, defendants allegedly offer consumers the option of paying for jewelry over many months, and defendants allegedly advertise that financing option as a mechanism to improve the consumer's credit. In exchange for that financing—i.e., the "service" contemplated by section 458-b (1)—defendants allegedly charge interest. Such interest, we conclude, constitutes a "fee" within the meaning of section 458-b (1). Thus, contrary to the court's determination and the view of our dissenting colleague, the complaint sufficiently alleges that defendants' business satisfies the statutory definition of a "credit services business" (see People v Debt Resolve, Inc., 387 F Supp 3d 358, 366-367 [SD NY 2019]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]). We therefore modify the order accordingly.
We reject plaintiff's remaining contentions on its appeal for the reasons stated in the decision at Supreme Court. We likewise reject defendants' contentions on their cross appeal for the reasons stated in the decision at Supreme Court.
All concur except Curran, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and vote to affirm the order in its entirety. Although I otherwise agree with the majority's conclusions, I reject its determination that Supreme Court erred in granting that part of defendants' motion seeking to dismiss the seventh cause of action, alleging a violation of General Business Law § 458-h, which prohibits certain deceptive acts by a credit services business. In my view, plaintiff did not adequately allege in the complaint the "payment of a fee" required to determine that defendants met the statutory definition of a credit services business (§ 458-b [1]).
General Business Law § 458-b (1) defines a credit services business as "any person who sells, provides, or performs, or represents that he [or she] can or will sell, provide or perform, a service for the express or implied purpose of improving a consumer's credit record, history, or rating or providing advice or assistance to a consumer with regard to the consumer's credit record history or rating in return for the payment of a fee" (emphasis added). Here, the seventh cause of action relies on the conclusory allegation that "[b]ased upon the business practices, procedures, and marketing materials described above, [d]efendants are a 'credit services business' within the meaning of the General Business Law" without specifically alleging that defendants charged a fee for that particular service.
In my view, it was incumbent on plaintiff to allege that some form of consideration, i.e., the "payment of a fee," was supplied for the "service" that was purportedly obtained, specifically defendants' assistance in improving "a consumer's credit record, history, or rating or providing advice or assistance to a consumer with regard to the consumer's credit record history or rating" (General Business Law § 458-b [1]). Moreover, the word "fee" should be understood in its ordinary sense as a "fixed charge" or "a sum paid or charged for a
service" (Merriam-Webster Online Dictionary, fee [http://www.merriam-webster.com/dictionary/fee]). The majority's expansive definition of the word "fee" to include the interest charged on the purchase price of the jewelry is likely to broaden the meaning of a credit services business, in a manner not intended by the legislature, to encompass many retail sellers that provide finance services.
In my view, plaintiff's allegation that the entire amount of the interest charged by defendants for the jewelry constituted the statutorily-required "fee" was insufficient to successfully state a cause of action under General Business Law § 458-h. In support of its position that the interest constituted a "fee," plaintiff merely relies on inapposite cases where consumers were charged fees separate from, and in addition to, interest (see e.g. People v Debt Resolve, Inc., 387 F Supp 3d 358, 362 [SD NY 2019]; CashCall, Inc. v Maryland Commr. of Fin. Regulation, 448 Md 412, 418-420, 139 A3d 990 [2016]). Plaintiff also contends that, as with the usury claims that the majority agrees should be dismissed, discovery may assist plaintiff in establishing the allegations in the seventh cause of action. The usury claims have not survived despite plaintiff's request for discovery, and I see no reason to treat the seventh cause of action any differently.
Ultimately, absent a specific allegation that defendants imposed some fixed charge as consideration for the credit repair service, the seventh cause of action fails to state a cause of action under General Business Law § 458-h, and the court properly granted the motion with respect to that cause of action (see generally CPLR 3211 [a] [7]; Sager v City of Buffalo, 151 AD3d 1908, 1910 [4th Dept 2017]; Miller v Allstate Indem. Co., 132 AD3d 1306, 1307 [4th Dept 2015]; Dominski v Frank Williams & Son, LLC, 46 AD3d 1443, 1444 [4th Dept 2007]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court