Homer Iron Works, LLC v International Dev. Servs., Inc. (2024 NY Slip Op 24144)

[*1]

Homer Iron Works, LLC v International Dev. Servs., Inc.

2024 NY Slip Op 24144

Decided on May 13, 2024

Supreme Court, Cortland County

Masler, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 13, 2024
Supreme Court, Cortland County

Homer Iron Works, LLC, Plaintiff,

against
International Development Services, Inc., Recruiting Services, Inc., and Tavas, LLC, Defendants.

Index No. EF24-034

RYDER LAW FIRM
By: Jesse P. Ryder, Esq.
Attorney for Plaintiff
6739 Myers Road
East Syracuse, New York 13057
Via NYSCEF
MAELENE J. TORRES
Attorney for Defendants
3850 N. Wilke Road
Arlington Heights, Illinois 60004
44 South Broadway, 14th Floor
Via NYSCEF

Mark G. Masler, J.

Plaintiff is a limited liability company that operates a custom iron fabrication shop. It entered into contracts with defendants to obtain assistance with managing financial difficulties it had encountered. Plaintiff commenced this action on January 18, 2024, seeking to recover the $388,895.21 it paid to defendants for services that plaintiff alleges defendants did not perform. The complaint alleged four causes of action against all defendants: (1) breach of contract; (2) fraudulent inducement; (3) conversion; and (4) unjust enrichment (designated as the sixth cause of action). Before answering, defendants moved, pursuant to CPLR 3211 (a) (2) and (5), to dismiss the complaint for lack of subject matter jurisdiction on the grounds that the applicable [*2]contracts require arbitration of all disputes and, further, contain forum selection clauses by which the parties agreed that the exclusive jurisdiction and venue of any matter not subject to arbitration is vested in courts in either Colorado or Illinois.
In support of their motion, defendants submitted copies of: (1) a document entitled "Agreements for Services" made among International Development Services, Inc., TAVAS, LLC, and plaintiff, dated October 19, 2020, which provides that "all disputes of any kind between the parties arising out of or in connection with this Agreement" shall be submitted to binding arbitration, and, further, that "[e]xclusive jurisdiction and venue shall vest in the Second Judicial District, Denver County, Colorado, Colorado law applying" (NY St Cts Elec Filing [NYSCEF] Doc No. 13 at 1); and (2) a Level III Employment Search Agreement made between plaintiff and defendant Recruiting Solutions, dated October 23, 2020, which provides, as relevant here, that "all disputes of any kind between the parties arising out of or in connection with this Agreement shall be submitted to binding arbitration[, and that with] regard to all other matters, exclusive jurisdiction and venue shall vest in the Nineteenth Judicial District of Lake County, Illinois, Illinois law applying" (NYSCEF Doc No. 12 at 2).[FN1]
Plaintiff does not dispute that it executed these agreements, but contends that the agreements are not enforceable.
Defendants' motion necessarily raises the interplay of the arbitration and forum selection clauses. The arbitration clauses at issue are broad, each requiring arbitration of "all disputes of any kind between the parties arising out of or in connection with this Agreement," and therefore, if enforceable, would presumptively require arbitration of plaintiff's claims arising from the contracts. However, an agreement to submit a dispute to arbitration, on its own, is not grounds to dismiss a complaint (see Piller v Tribeca Dev. Group LLC, 156 AD3d 1257, 1259 [3d Dept 2017]; C & M 345 N. Main St., LLC v Nikko Constr. Corp., 96 AD3d 794, 795 [2d Dept 2012]). A party aggrieved by another party's failure to arbitrate in a pending action must move for an order to compel arbitration, and such order, if granted, operates as a stay of the pending action to enable judicial determination of any necessary applications with respect to the arbitration (see CPLR 7503 [a]; Piller v Tribeca Dev. Group LLC, 156 AD3d at 1260; Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7503:1). Thus, before this court may consider defendant's arguments that arbitration is required, or plaintiff's arguments that the arbitration clauses are unenforceable, it must first consider whether the forum selection clauses divest it of subject matter jurisdiction to make these determinations (see generally Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d 752, 754 [2d Dept 2020] [determination that forum selection clause is enforceable precludes determination regarding enforceability of arbitration provision]).
"Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes" (Boss v American Express Fin. Advisors, Inc., 6 NY3d 242, 247 [*3][2006] [internal quotation marks and citation omitted]).
"Forum selection clauses are prima facie valid and will not be set aside unless the party opposing the clause demonstrates that the enforcement of such would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" (Harry Casper, Inc. v Pines Assoc., L.P., 53 AD3d 764, 764-765 [3d Dept 2008] [internal quotation marks and citations omitted]).
Plaintiff claims that the forum selection clauses are unenforceable because they are contained within contracts that plaintiff contends were induced by fraud and, therefore, are void in their entirety. This argument is insufficient to invalidate the forum selection clauses because plaintiff did not separately allege that the forum selection clauses were themselves induced by fraud (see id. at 765; see also Matter of PricewaterhouseCoopers, LLP v Cahill, 223 AD3d 543, 543 [1st Dept 2024]; Breakaway Courier Corp. v Berkshire Hathaway, Inc., 215 AD3d 565, 565 [1st Dept 2023], lv denied 40 NY3d 903 [2023]).
Plaintiff's further conclusory argument that the forum selection clauses are unenforceable because it would be financially detrimental for plaintiff to travel to Colorado or Illinois to litigate its claims is insufficient to meet the high burden of establishing that proceedings in the contractual forum would effectively deprive plaintiff of its day in court (see e.g. Chiarizia v Xtreme Rydz Custom Cycles, 43 AD3d 1353, 1354 [4th Dept 2007] [forum selection clause required New York resident to prosecute action in Florida notwithstanding claim that it would be a great economic hardship to pay witnesses to travel to Florida for trial]; Bell Constructors v Evergreen Caissons, 236 AD2d 859, 859 [4th Dept 1997] [forum selection clause required Colorado corporation to defend action in New York notwithstanding claims that it would suffer considerable economic hardship if required to proceed in New York]). Accordingly, the forum selection clauses deprive this court of subject matter jurisdiction over this action.
Plaintiff attempted to cross-move for leave to amend the complaint to assert, among other things, a private cause of action pursuant to General Business Law § 349 (h), but did not properly file a cross-motion, as required by CPLR 2215. The court nonetheless considered the arguments plaintiff made regarding the effect the proposed General Business Law § 349 cause of action would have on enforcement of the arbitration and forum selection clauses because defendants addressed the merits of plaintiff's proposed cross-motion and the proposed General Business Law § 349 cause of action in their reply (see Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn., 178 AD2d 871, 872 [3d Dept 1991]). Plaintiff's arguments are unavailing because the private contract dispute at issue in this litigation does not fall within the ambit of the statute, which addresses "consumer-oriented" acts and practices (see Singh v City of New York, 40 NY3d 138, 148 [2023]; Daire v Sterling Ins. Co., 204 AD3d 1189, 1193 [3d Dept 2022]). In this regard, it bears noting that plaintiff has consistently alleged that defendants initially contacted plaintiff's officers via an unsolicited, in-person contact and, further, that the proposed amended complaint fails to allege that defendants engaged in any activity that was directed at, or had a broad impact, on consumers at large (see Singh v City of New York, 40 NY3d at 148). Plaintiff's remaining arguments have been considered and found to lack merit.
Based on the foregoing, defendants' motion must be, and hereby is, granted, and the complaint is dismissed, without prejudice.
This decision constitutes the order of the court. The filing of this decision and order, or [*4]transmittal of copies hereof, by the court shall not constitute notice of entry (see CPLR 5513).
Dated: May 13, 2024
Cortland, New York
ENTER:
HON. MARK G. MASLER
Supreme Court Justice
The following documents filed with the Clerk of the County of Cortland via the New York State Courts Electronic Filing System were considered on this motion (see CPLR 2219 [a]):
Document Numbers 10-14; 17-20; 22; 24-31.

Footnotes

Footnote 1: Recruiting Solutions was sued under the name "Recruiting Services, Inc." Defendants' submissions also included three additional service agreements with an entity referred to as TAVAS-IS that were signed by plaintiff's owner Michael Park — the first two on behalf of plaintiff, and the third apparently in his individual capacity. Although none of these additional documents contains an arbitration clause, each provides for exclusive jurisdiction in the "Nineteenth Judicial District of Lake County, Illinois, Illinois law applying" (NYSCEF Doc No. 14).