Prestige Lawn Care of Wny, LLC v Facilitysource, LLC (2024 NY Slip Op 06483)

Prestige Lawn Care of WNY, LLC v Facilitysource, LLC

2024 NY Slip Op 06483

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

865 CA 23-01611

[*1]PRESTIGE LAWN CARE OF WNY, LLC, PLAINTIFF-RESPONDENT,
v
FACILITYSOURCE, LLC, DOING BUSINESS AS CBRE, DEFENDANT-APPELLANT. 

GORDON REES SCULLY & MANSUKHANI, LLP, HARRISON (SARAH N. RODMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (MICHAEL FERDMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 1, 2023. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action for, inter alia, breach of contract, seeking payment for lawn care and snow plowing services it provided to commercial properties managed by defendant. Defendant moved pursuant to CPLR 3211 to dismiss the complaint, and Supreme Court denied the motion. We reverse.
The contract between the parties provided that Arizona law would govern "the rights and obligations" of the parties under the contract. It further provided that all disputes arising out of the contract "shall be subject to the exclusive jurisdiction and venue of the state or federal courts sitting in Maricopa County, Arizona." That forum selection clause is prima facie valid and enforceable unless shown by plaintiff to be " 'unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (Chiarizia v Xtreme Rydz Custom Cycles, 43 AD3d 1353, 1353-1354 [4th Dept 2007]; see Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534 [1996]; Erie Ins. Co. of N.Y. v AE Design, Inc., 104 AD3d 1319, 1320 [4th Dept 2013], lv denied 21 NY3d 859 [2013]).
In opposition to the motion, plaintiff argued that the contract's "pay-if-paid" provision, together with a provision prohibiting plaintiff from contacting clients of defendant, rendered the contract void as against public policy of New York. Plaintiff's argument, however, "is misdirected [inasmuch as t]he issue [it] raise[s] is really one of choice of law, not choice of forum" (Boss v American Express Fin. Advisors, Inc., 6 NY3d 242, 247 [2006]). " '[O]bjections to a choice of law clause are not a warrant for failure to enforce a choice of forum clause' " (Erie Ins. Co. of N.Y., 104 AD3d at 1320, quoting Boss, 6 NY3d at 247). Plaintiff has not shown that enforcement of the forum selection clause contravenes New York public policy (see id.). Nor has plaintiff shown that enforcement would be unreasonable or unjust or alleged that the clause was the result of fraud or overreaching (see Bell Constructors v Evergreen Caissons, 236 AD2d 859, 860 [4th Dept 1997]). Plaintiff's further argument in opposition to the motion—i.e., that it would be a hardship for plaintiff's owner to go to Arizona to litigate this dispute—is an insufficient basis on which to deny the motion (see Chiarizia, 43 AD3d at 1354). The fact that New York may be a more convenient forum is immaterial inasmuch as defendant's motion is based on the parties' contract and not on the doctrine of forum non conveniens (see id.).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court