Milev v Xiao-I Corp.
2026 NY Slip Op 03922
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bozhidar Milev, Appellant,
v
Xiao-I Corporation, et al., Respondents, AC Sunshine Securities LLC, et al., Defendants.

Decided and Entered: June 23, 2026
Index No. 653294/24|Appeal No. 6946|Case No. 2025-03535|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'neill Levy, JJ.

The Rosen Law Firm, P.A., New York (Jonathan Stern of counsel), for appellant.
Stinson LLP, New York (Nicole Khalouian of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 24, 2025, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.
Supreme Court correctly granted the motion to dismiss, as the forum selection clause in the Deposit Agreement designated the United States District Court for the Southern District of New York as the exclusive forum for claims arising under the Securities Act of 1933 (see Boss v American Express Fin. Advisors, Inc., 15 AD3d 306, 307 [1st Dept 2005], affd 6 NY3d 242, 245-246 [2006]). Contrary to plaintiff's contention, there is no ambiguity in the agreement, which specifically carves out these actions only to be brought in that forum.
We have considered plaintiff's remaining arguments regarding the forum selection clause, including the argument that it is not applicable to all defendants, and find them unavailing.
Given our determination on the forum selection clause issue, we need not reach plaintiff's remaining arguments regarding the merits of the claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026