■ CYNTHIA KAPLAN, Respondent, v DORCAS VANDERHANS et al., Appellants. [786 NYS2d 526]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated March 10, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.

The street where the defendant Dorcas Vanderhans was driving had a stop sign while the intersecting street where the plaintiff was driving did not. According to a nonparty witness, Vanderhans "went through" the stop sign "without stopping." Vanderhans, however, stated that she stopped at the stop sign, and that "[a]fter" she was in the intersection, the plaintiff, who was traveling at a speed greater than the speed limit, collided with her vehicle. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. We reverse the order insofar as appealed from.

In support of her motion for summary judgment on the issue of liability, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (see Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; Bodner v Greenwald, 296 AD2d 564 [2002]). However, in opposition, the defendants raised issues of fact as to the plaintiff's comparative negligence (see Romano v 202 Corp., 305 AD2d 576 [2003]; Hernandez v Bestway Beer & Soda Distrib., 301 AD2d 381 [2003]; Bodner v Greenwald, supra). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.