DANNIE YOUNG, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents. [801 NYS2d 827]—

In an action to recover damages for negligence and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated August 10, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On June 8, 2002, the plaintiff, Dannie Young, was the permissive driver of a car owned by another. The defendant Nationwide Mutual Insurance Company (hereinafter Nationwide) insured the vehicle. According to Young, on the afternoon of that date, she approached an intersection regulated in her direction by a

stop sign. She stopped, looked both ways, saw no approaching traffic, entered the intersection, and was struck violently in her driver's-side front door by a car driven by Bernard Katz. Young suffered a pelvic injury, and was hospitalized for almost three weeks as a result of the accident. She gave her version of the accident to a representative from Nationwide's claim department in an interview, which was recorded and transcribed. Young's version of events raised a question whether Katz was partly responsible for the accident.

Katz sued Young in the Supreme Court, Queens County. Nationwide selected the defendant Epstein, Grammatico, Gann, Frankini & Marotta (hereinafter Epstein Grammatico) to defend Young in that case. Young sued Katz in the Supreme Court, Nassau County, retaining her own counsel to pursue her personal injury claim. In his action, Katz moved for summary judgment on the issue of liability, submitting an affirmation in which he set forth his version of the accident, which portrayed Young as completely at fault. On Young's behalf, Epstein Grammatico opposed solely with an affirmation of counsel, contending, in the main, that the motion was premature as there had not yet been depositions of the drivers. Epstein Grammatico did not obtain an affidavit from Young, or use her version of the accident, which she previously had furnished to Nationwide in her interview. Young alleges that she was not even informed that Katz had moved for summary judgment on the issue of liability.

The Supreme Court, Queens County, granted Katz's motion, finding that he made a prima facie showing of entitlement to summary judgment, and that nothing admissible had been tendered in opposition. Epstein Grammatico did not seek leave to reargue Katz's motion, nor did it take an appeal from the order granting Katz's motion.

Based on the order granting his motion in the Queens County action, Katz made a motion in Young's Nassau County action for summary judgment dismissing the complaint on the ground of res judicata. The Supreme Court, Nassau County, granted Katz's motion.

Young then brought the instant action against Nationwide and Epstein Grammatico, alleging causes of action to recover damages for negligence and legal malpractice. Among other things, she alleged that had the defendants asked for and submitted her affidavit in opposition to Katz's motion for summary judgment on the issue of liability in Katz's Queens County personal injury action, then Katz would not have prevailed therein, and her own personal injury action would not have been dismissed. She also claimed that Epstein Grammatico's at-

torneys were actually Nationwide employees. Fairly read, her complaint also alleges that Epstein Grammatico did not exercise independent judgment on her behalf.

In lieu of answering, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, contending that the complaint failed to state a cause of action. Nationwide also contended that, in any event, it could not be held vicariously liable for the torts of retained counsel.

The Supreme Court granted the motion to dismiss, and Young appeals. We reverse.

On the record at this early stage of the action, Young has causes of action that she ought to be allowed to further pursue against both of the defendants (*see Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). In particular, the defendants argue that had Young's version of the accident been submitted in the Queens County action in opposition to Katz's motion for summary judgment, the result would not have been different. Thus, they contend, there was no causal connection between any alleged negligence or malpractice in that action, and Young's claimed damages. We disagree. We cannot say as a matter of law, on the current record, that had her version of the accident been submitted in the Queens County action, the result would have been the same (*see e.g. Kaplan v Vanderhans*, 12 AD3d 413 [2004]).

Further, Nationwide contends that it may not be held vicariously liable for any negligence or malpractice of Epstein Grammatico. Generally speaking, a liability insurer may not be held vicariously liable for the lapses of retained counsel exercising independent judgment on behalf of the insured (*see Feliberty v Damon*, 72 NY2d 112 [1988]). However, accepting Young's allegations as true and providing her the benefit of every possible inference (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11 [2005]) she claims that attorneys at Epstein Grammatico were full-time employees of Nationwide and that, in her case, they did not exercise independent judgment on her behalf in the course of defending her in the Queens County action. We therefore conclude that dismissal of her complaint insofar as asserted against Nationwide at the complaint stage was premature.

The defendants' remaining contentions are without merit. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.