■ 2015 Freeman LLC, Also Known as 2015 Freeman Avenue LLC, et al., Respondents, v Seneca Specialty Insurance Company, Appellant. [26 NYS3d 19]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 16, 2015, which denied defendant's motion to dismiss, or for summary judgment dismissing, plaintiffs' claim of bad faith denial of insurance coverage, and granted plaintiffs' cross motion for a declaration that Ohio law applies to this action, unanimously affirmed, with costs.

The motion court correctly resolved the conflict of laws by applying Ohio, not New York, law. Where, as here, each commercial property insurance policy at issue insured a building

located solely in Ohio, the governing law is Ohio (*Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 318 [1994]). The location of the insured risk will be given greater weight than other factors where, as here, the insured risks are located in one state (*see Appalachian Ins. Co. v General Elec. Co.*, 20 Misc 3d 1122[A], 2008 NY Slip Op 51585[U], *3-4 [Sup Ct, NY County 2008], *affd sub nom. Appalachian Ins. Co. v Di Sicurata*, 60 AD3d 495 [1st Dept 2009]).

In order to prevail on its pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence submitted by defendant must conclusively establish as a matter of law that its denial of insurance coverage was reasonably justified (*see McCurdy v Hanover Fire & Cas. Ins. Co.*, 964 F Supp 2d 863, 874 [ND Ohio 2013] [applying Ohio law]; *see generally Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 433 [1st Dept 2014]). The documentary evidence submitted by defendant failed to establish its defense as a matter of law, and plaintiffs are entitled to proceed with discovery. Further discovery is also warranted with respect to plaintiffs' request for punitive damages and attorneys' fees. Plaintiffs may recover such damages and fees, even though their claim of bad faith denial of insurance coverage arises from their breach of contract claims (*see Zoppo v Homestead Ins. Co.*, 71 Ohio St 3d 552, 558, 644 NE2d 397, 402 [1994] [applying Ohio law]).

We have considered defendant's remaining contentions, including its request for partial summary judgment, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.