Pergament v Government Empls. Ins. Co. ("GEICO") (2024 NY Slip Op 01568)

Pergament v Government Empls. Ins. Co. ("GEICO")

2024 NY Slip Op 01568

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2019-09341
 (Index No. 609083/18)

[*1]Marc Pergament, etc., respondent, 
v
Government Employees Insurance Company ("GEICO"), et al., appellants.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for appellant Government Employees Insurance Company ("GEICO").
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for respondents Picciano & Scahill, LLP, and Gilbert J. Hardy.
Wade T. Morris, New York, NY (Kenneth J. Gorman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for bad faith refusal to settle a personal injury action and legal malpractice, the defendant Government Employees Insurance Company ("GEICO") appeals, and the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy separately appeal, from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered July 8, 2019. The order, insofar as appealed from by the defendant Government Employees Insurance Company ("GEICO"), denied its motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The order, insofar as appealed from by the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy, denied their motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Government Employees Insurance Company ("GEICO") which was pursuant to CPLR 3211(a) to dismiss the third cause of action, which was for punitive damages against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.
The defendant Government Employees Insurance Company ("GEICO") (hereinafter Geico) retained the defendants Picciano & Scahill, LLP, and Gilbert J. Hardy (hereinafter together the law firm defendants) to represent Melissa Gace Bryant, who was a defendant in a personal injury action (hereinafter the underlying action). The plaintiff, the trustee of Bryant's bankruptcy estate, subsequently commenced this action against Geico and the law firm defendants. As against Geico, the complaint alleged three causes of action: (1) bad faith refusal to settle the underlying personal injury action for the subject policy limit after a motion for summary judgment on the issue of liability was granted in favor of the underlying injured plaintiff, (2) breach of the covenant of good faith and fair dealing, and (3) punitive damages. As against the law firm defendants, the complaint alleged a cause of action for legal malpractice. Geico and the law firm defendants separately moved [*2]pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court denied the motions. Geico and the law firm defendants separately appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Benjamin v Yeroushalmi, 212 AD3d 758, 760 [internal quotation marks omitted]; see Leon v Maritnez, 84 NY2d 83, 87-88). "Where evidentiary materials are considered in support of a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Recine v Recine, 201 AD3d 827, 830 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Churong Liu v Gabbay, 219 AD3d 459, 460 [internal quotation marks omitted]; see Maursky v Latham, 219 AD3d 473, 474-475). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Churong Liu v Gabbay, 219 AD3d at 460 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, with respect to the causes of action against Geico alleging bad faith refusal to settle the underlying personal injury action for the subject policy limit and breach of the covenant of good faith and fair dealing, the medical reports submitted by Geico in support of its motion do not constitute "documentary evidence within the intendment of CPLR 3211(a)(1)" (Jeffrey v Collins, 218 AD3d 451, 453), and Geico's evidentiary submissions were "insufficient to utterly refute the plaintiff's factual allegations" (Davis v Henry, 212 AD3d 597, 598). Further, after considering the evidentiary proof submitted by Geico, the Supreme Court properly determined that the plaintiff had causes of action against Geico alleging bad faith refusal to settle the underlying personal injury action for the subject policy limit and breach of the covenant of good faith and fair dealing (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 884; CBLPath, Inc. v Lexington Ins. Co., 73 AD3d 829, 830-832; Brennan v Mead, 73 AD2d 926, 927; cf. Little Princess Express Cab Corp. v American Tr. Ins. Co., 12 AD3d 266, 267). Accordingly, the court properly denied those branches of Geico's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action alleging bad faith refusal to settle the underlying personal injury action for the subject policy limit and breach of the covenant of good faith and fair dealing.
The Supreme Court should have granted that branch of Geico's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action for punitive damages against it because "no separate cause of action for punitive damages lies for pleading purposes" (Crown Fire Supply Co., Inc. v Cronin, 306 AD2d 430, 431; see Podesta v Assumable Homes Dev. II Corp., 137 AD3d 767, 770). However, the complaint, "although inartfully drafted," (Leon v Martinez, 84 NY2d at 88), adequately alleges a demand for punitive damages based on the remaining causes of action asserted against Geico (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613; Perlbinder v Vigilant Ins. Co., 190 AD3d 985, 989; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 666-668; 2015 Freeman LLC v Seneca Specialty Ins. Co., 136 AD3d 531, 532).
Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint sufficiently stated a cause of action alleging legal malpractice against the law firm defendants (see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34; Young v Nationwide Mut. Ins. Co., 21 AD3d 1099). Accordingly, the Supreme Court properly denied that branch of the law firm defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice against them.
The law firm defendants' remaining contention is without merit.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court