■ SHERWOOD FREEDMAN, Appellant, v LEE COPPOLA, Respondent. [614 NYS2d 833] —Order unanimously affirmed with costs. Memorandum: Plaintiff instituted this action pursuant to 42 USC § 1983, alleging that defendant, a television reporter, violated plaintiff's civil rights by arranging for the unlawful arrest of plaintiff by police as part of defendant's investigative report. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing plaintiff's section 1983 claim. Plaintiff contends that defendant's summary judgment motion was premature and should have been adjourned to permit plaintiff further discovery, and that a question of fact is presented concerning whether defendant participated with police in a conspiracy to arrest plaintiff illegally.

There is no merit to plaintiff's contention that defendant delayed in disclosing the contents of the videotape or that the summary judgment motion was premature. In order to establish section 1983 liability on the part of defendant, a private actor, plaintiff must show that defendant acted under color of State law or otherwise jointly engaged with government officials in the prohibited action; it is sufficient to establish that defendant willfully participated with State actors in a conspiracy to deprive plaintiff of his civil rights (see generally, Adickes v Kress & Co., 398 US 144, 151-152; United States v

*Price,* 383 US 787, 794). Defendant sustained his initial burden on the motion of demonstrating that he was not a participant in the decision to arrest plaintiff. Plaintiff failed to sustain his countervailing burden of demonstrating the existence of a triable question of fact on the issue of conspiracy. The record does not support plaintiff's assertion that defendant orchestrated the police investigation or played any part in deciding whether or how to arrest plaintiff. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Dismiss Cause of Action.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.