■ Linza H. Ford, Appellant, v Robert Snashall, as Chair of the Workers' Compensation Board, et al., Respondents, et al., Defendants. [728 NYS2d 304] —Cardona, P. J. Appeal from an order of the Supreme Court (Castellino, J.), entered July 3, 2000 in Chemung County, which granted certain defendants' motion to dismiss the amended complaint for, *inter alia*, failure to state a cause of action.

As detailed in a previous decision of this Court (*Matter of Ford v Snashall*, 275 AD2d 493), plaintiff filed a workers' compensation claim in October 1995 which was contested by his employer. In October 1998, prior to a final decision on the claim, plaintiff commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging, *inter alia*, that his constitutional and statutory rights were violated by the denial of a prehearing conference and multiple unauthorized adjournments contrary to the Workers' Compensation Law. Supreme Court dismissed the matter on the ground that, *inter alia*, plaintiff did not exhaust his administrative remedies and this Court affirmed (*id.*).[1]

In the interim, plaintiff brought this action asserting five causes of action against nine individuals, including various officials of the Workers' Compensation Board. The complaint pleads, *inter alia*, claims under 42 USC § 1983 alleging that plaintiff's constitutional rights were violated and defendants engaged in a conspiracy to retaliate against him by, for example, transferring his case from one Workers' Compensation Law Judge to another. Defendants moved to dismiss the complaint and Supreme Court granted those motions finding, *inter alia*, that the complaint failed to state a cause of action. Plaintiff appeals challenging only the dismissal of three of the five causes of action in the complaint.[2]

Accepting the allegations in the complaint as true and according every possible inference to the benefit of plaintiff (*see*, *Barnes v Dungan*, 261 AD2d 797), we agree with Supreme Court that the three disputed causes of action failed to state a claim pursuant to CPLR 3211 (a) (7). Specifically, plaintiff's

---

1. The Workers' Compensation Board ultimately determined that plaintiff did not suffer an accident or occupational disease arising out of and in the course of employment and plaintiff has filed a notice of appeal therefrom with this Court.

2. Although plaintiff appealed from Supreme Court's entire decision, he subsequently stipulated that he was appealing only the third, fourth and fifth causes of action against defendants Darryl Leibach, John Meader, Thomas Baldovin, Carol Oszewski, Robert Snashall and Donald DeAngelis. Therefore, all references to defendants hereinafter will refer to the six remaining defendants.

third cause of action concerning a claimed violation under 42 USC § 1983 alleges, *inter alia*, a denial of substantive access to the Board in violation of plaintiff's statutory and constitutional rights. Assuming, arguendo, that plaintiff's constitutional right to access to the courts is implicated in a workers' compensation claim and his cause of action was not rendered moot by the intervening adjudication of his claims by the Board, we nevertheless conclude that this cause of action is deficient. "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' * * * *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim' " (*Monsky v Moraghan*, 127 F3d 243, 247, cert denied 525 US 823, quoting *Lewis v Casey*, 518 US 343, 351 [citations omitted]). Plaintiff's vague and conclusory allegations do not satisfy this clear standard and, therefore, the third cause of action was properly dismissed.

Furthermore, plaintiff's fourth and fifth causes of action, also pleading claims primarily under 42 USC § 1983, are similarly deficient. These causes of action seek compensation for a conspiracy to deprive plaintiff of his constitutional rights and also for a conspiracy seeking retaliation against him for attempting to seek redress for these wrongs. However, as previously noted by this Court, "[a] claim for conspiracy to violate civil rights requires a detailed fact pleading * * * [and a] complaint containing only conclusory, vague and general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion" (*Kubik v New York State Dept. of Social Servs.*, 244 AD2d 606, 610 [citation omitted]; *see, Leon v Murphy*, 988 F2d 303; *Sommer v Dixon*, 709 F2d 173, cert denied 464 US 857). Since plaintiff failed to substantiate his fourth and fifth causes of action "with detailed factual information concerning the alleged conspiracy," these claims were properly dismissed (*Kubik v New York State Dept. of Social Servs.*, 278 AD2d 644, 646).

Based on the foregoing, we need not address Supreme Court's alternative grounds for dismissal of the complaint. Plaintiff's remaining contentions have been examined and determined to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.