■ MARSHALL GRANGER & COMPANY, CPA's, P.C., Appellant, v SANOSSIAN & SARDIS, LLP, et al., Respondents. (And a Third-Party Action.) [792 NYS2d 498]—

In an action for a partnership accounting and a judgment declaring the defendants' responsibilities for a certain lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Carey, J.H.O.), dated March 3, 2003, as, after a nonjury trial, in effect, is in favor of the defendants and against it.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the plaintiff is awarded judgment, as a matter of law, and the matter is remitted to the Supreme Court, Westchester County, for a determination of damages and for the entry of a judgment thereafter, inter alia, declaring that the defendant is responsible for one third of the expenses, including any rent or other expenses incurred under the subject lease.

The Supreme Court improperly entered judgment, in effect, in favor of the defendants and against the plaintiff, on the ground that the parties' written agreement regarding a merger of their accounting firms (hereinafter the agreement) was not enforceable because it made no provision for the disposition of assets and liabilities in the event of its termination. "Before rejecting an agreement as indefinite, a court must be satisfied that the agreement cannot be rendered reasonably certain by reference to an extrinsic standard that makes its meaning clear (1 Williston, Contracts § 47, at 153-156 [3d ed 1957]). The conclusion that a party's promise should be ignored as meaningless 'is at best a last resort' " (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], *cert denied* 498 US 816 [1990], quoting *Cohen & Sons v Lurie Woolen Co.*, 232 NY 112, 114 [1921]). "[W]here it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain"

(*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88, 91 [1991]).

Here, there was no question that the parties intended to be bound by the agreement to merge their accounting firms. The parties conducted themselves in accordance with the agreement for nine months, moving to a common location for which they shared rent, using a common name and letterhead, holding themselves out as partners, combining their accounts receivable and payable, maintaining joint bank accounts, and holding partnership meetings (*see* Partnership Law § 10 [1]; § 11 [4]). The writing included all of the essential terms of the parties' agreement. While the clause allowing either party to terminate the partnership within two years did not make specific provision for the allocation of assets and liabilities upon termination, it provided that in the event of discord between the parties, either "may exit the contract/agreement so long as provisions have been made for an equitable division of 'newly acquired' clients, and all contractual obligations have been addressed, such as bank loans, leases, etc." The agreement also provided that capital was to be allocated one third to the defendant Sanossian & Sardis, LLP (hereinafter the defendant), and two thirds to the plaintiff. Both parties testified at trial that the income and expenses of the firm, including rent, were allocated in the same proportion before the separation. Accordingly, the parties' intent to allocate assets and liabilities on the same proportional basis in the event of dissolution was readily apparent, and the agreement should have been enforced accordingly. Division of the remaining expenses in this manner also would be consistent with Partnership Law § 40 (1) which provides that, in the absence of an agreement to the contrary, losses be shared in the same manner as profits.

Thus, the plaintiff was entitled to the relief sought, including an accounting, a declaration establishing the defendant's liability for its share of the joint expenses, and judgment in the amount thus determined (*see* Partnership Law § 74). While each party submitted its own version of the partnership accounts at trial, and each disputed the calculation of damages made by the other, the Supreme Court's dismissal foreclosed determination of that issue. Therefore, we remit the matter to the Supreme Court, Westchester County, inter alia, for a determination of damages in accordance herewith.

The Supreme Court also erred in declining to enforce the parties' indemnification agreement regarding a lease entered into by the partnership, as tenant (hereinafter the lease), on the ground that the plaintiff failed to give prompt written notice to

the defendant of the landlord's claims thereunder. The indemnification agreement required that the plaintiff, as the indemnitee, "give prompt written notice to the indemnitor of any claim by the landlord which might give rise to a claim by the indemnitee against the indemnitor under this agreement." Although the plaintiff never gave such notice, it commenced this action during the first month after the defendant ceased to pay one third of the rent. Thus, before the landlord made any claim which would give rise to the plaintiff's obligation to notify, the plaintiff effectively put the defendant on notice of its potential liability for the remaining rent due under the lease, thus satisfying the notification requirement under the indemnification agreement. Even if the notice requirement was not satisfied, the rental expenses incurred by the plaintiff pursuant to the lease should be included in the joint costs for which the defendant is liable pursuant to the agreement.

Since this is a declaratory judgment action, the matter also must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is responsible for one third of the expenses, including any rent or other expenses incurred under the subject lease (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are without merit. H. Miller, J.P., Goldstein, Spolzino and Skelos, JJ., concur.