■ CAPPELLI ENTERPRISES, INC., Appellant, v F&J CONTINEN-TAL FOOD CORP., Respondent, et al., Defendants. [792 NYS2d 553]—

In an action, inter alia, for specific performance of an option agreement contained in a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), dated October 1, 2003, as denied its motion for summary judgment on its first cause of action seeking specific performance of the option agreement and on its second cause of action for a judgment declaring that the defendant F&J Continental Food Corp. forfeited its right to any additional consideration pursuant to the terms of the option agreement.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its first cause of action for specific performance of the option agreement and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the defendant F&J Continental Food Corp. shall deliver to the plaintiff an assignment of its right of first refusal within 30 days after service upon it of a copy of this decision and order.

By option agreement dated June 22, 2001, contained in a lease, the defendant F&J Continental Food Corp. (hereinafter F&J), gave the plaintiff an option to purchase its right of first refusal with respect to its landlord's property for the total price of $82,500, $27,500 due upon the signing of the option agreement and the remaining $55,000 due upon the exercise of the option. As further consideration for the option agreement, the plaintiff agreed that if it purchased the property it would extend F&J's lease for a period of 10 years at market rent or at the plaintiff's election relocate F&J to a comparable location at fair market rent. If there was a disagreement about fair market rent, the issue would be determined by arbitration.

F&J claims that the agreement was void for indefiniteness, duress, and overreaching. With respect to indefiniteness, the courts should endeavor to hold parties to their bargain and the definiteness doctrine is a doctrine of last resort (see *Marshall Granger & Co., CPAs, P.C. v Sanossian & Sardis, LLP*, 15 AD3d 631 [2005]). The agreement included all essential terms. F&J's contention that there is a distinction between fair market rent and market rent is not supported by any authority. The fact that what constituted fair market rent was subject to arbitration did not render the option agreement indefinite (see *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]).

With respect to duress, F&J's president, Frank Lombardi, claimed that the plaintiff threatened to use its influence to have the City of White Plains condemn the property if he did not sign the option agreement. Lombardi further claimed that he did not retain an attorney because the plaintiff promised to take care of him, and the unequal bargaining power between the plaintiff and F&J gave rise to overreaching. Lombardi raised these claims for the first time by letter dated May 14, 2003, after F&J received and retained the $27,500 downpayment, and after F&J's counsel demanded an additional $1,000,000. Lombardi admitted that his counsel asked for an additional $1,000,000 from the plaintiff but claimed that this was "a settlement proposal to compensate me for the monies that I believed I was to receive."

Where a party has accepted the benefits of an agreement and then seeks to repudiate the agreement on the ground of coercion, it must do so in a timely fashion or any objection is waived

(see *Capstone Enters. of Port Chester v County of Westchester,* 262 AD2d 343, 344 [1999]). In this case, the claim of duress was not raised in a timely manner, and was only raised after F&J had ratified the agreement. Further, Lombardi failed to set forth a sufficient factual basis for his claims (see *Lane-Real Estate Dept. Store v Muchnick,* 145 AD2d 469 [1988]).

F&J further contends on appeal that this controversy has been rendered academic since the owner entered into a contract with the plaintiff to sell the property directly to it. However, the plaintiff was entitled to an assignment of F&J's right of first refusal to determine the parties' rights in the property and settle any claims F&J may have. There was no basis in the record to deny the plaintiff the assignment of F&J's right of first refusal.

Summary judgment was premature with respect to the issue of F&J's rights to additional consideration pursuant to the option agreement and the parties' rights to damages. Further, we note that any dispute between the plaintiff and F&J as to what constitutes fair market rent is subject to arbitration.

F & J's remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.