LAURA SCARFONE, Appellant, v VILLAGE OF OSSINING et al., Respondents. [806 NYS2d 604]—

In an action to rescind a settlement agreement and to recover damages, inter alia, pursuant to 42 USC §§ 1983, 1985, and Executive Law § 296, and for intentional infliction of emotional distress, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 13, 2004, as granted the motion of the defendants Village of Ossining, O. Paul Shew, Rocco Circosta, and Linda Abels, and the separate motion of the defendants Civil Service Employees Association and Michael J. Duffy pursuant to the CPLR 3211 to dismiss the amended verified complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Accepting as true the facts asserted in the amended complaint and the accompanying affidavits (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *McGuire v Sterling Doubleday Enters., L.P.,* 19 AD3d 660 [2005]), the plaintiff failed to allege that she was so affected by her mental condition as to be incapable of comprehending the nature of a settlement agreement and the surrounding proceedings, making a rational decision concerning entering into the agreement, or of controlling her conduct (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.,* 25 NY2d 196, 202-205 [1969]; *Whitehead v Town House Equities, Ltd.,* 8 AD3d 367, 369 [2004]; *Lukaszuk v Lukaszuk,* 304 AD2d 625 [2003]; *see also Blatt v Manhattan Med. Group,* 131 AD2d 48, 53 [1987]). Additionally, the plaintiff was not entitled to rescission of the agreement because she ratified it by accepting its benefits from the defendant Village of Ossining for the entire term provided for in the agreement (*see Beutel v Beutel,* 55 NY2d 957, 958 [1982]; *Cappelli Enters., Inc. v F&J Cont. Food Corp.,* 16 AD3d 609, 610-611 [2005]; *Napolitano v City of New York,* 12 AD3d 194, 195 [2004]; *Brennan v Brennan,* 305 AD2d 524, 525 [2003]; *Giustiniani v Giustiniani,* 278 AD2d 609, 611-612 [2000]; *Genovese v Genovese,* 243 AD2d 679 [1997]). The provision in the agreement releasing the Village and its "employees and agents (individually and in their representative capacities)" therefore mandates the dismissal of the plaintiff's amended complaint insofar as asserted against the Village, O. Paul Shew, Rocco Circosta, and Linda Abels.

The plaintiff's speculative and conclusory allegations that Civil Service Employees Association (hereinafter CSEA) and Michael J. Duffy acted in concert with the Village and its agents to deprive the plaintiff of her constitutional rights, and that they conspired with the Village to deprive her of her constitutional rights, without factual allegations or other support, were insufficient to state causes of action pursuant to 42 USC § 1983 (*see Adickes v S. H. Kress & Co.,* 398 US 144, 152 [1970]; *Spear v Town of W. Hartford,* 954 F2d 63, 68 [1992], *cert denied* 506 US 819 [1992]; *Marrero v City of New York,* 2003 WL 1621921, *4 [2003], 2003 US Dist LEXIS 4664, *11 [SD NY, Mar. 28, 2003]), and 42 USC § 1985 (*see Griffin v Breckenridge,* 403 US 88, 102-103 [1971]; *Thomas v Roach,* 165 F3d 137, 146 [1999]; *Ford v Snashall,* 285 AD2d 881, 882 [2001]; *Kubik v New York State Dept. of Social Servs.,* 244 AD2d 606, 610 [1997]). Similarly, the plaintiff's vague, conclusory assertions, unsupported by factual allegations, were insufficient to sustain a cause of action pursuant to the New York Human Rights Law (*see* Executive Law § 296; *Vanscoy v Namic USA Corp.,* 234 AD2d 680, 682 [1996]; *Gagliardi v Trapp,* 221 AD2d 315, 316 [1995]).

Accepting the plaintiff's allegations as true (*see Leon v Martinez, supra* at 87-88; *McGuire v Sterling Doubleday Enters., L.P., supra*), the defendants' conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Andrews v Bruk,* 220 AD2d 376, 376-377 [1995] [internal quotation marks omitted]; *see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983]; Restatement [Second] of Torts § 46, Comment *d; see also Howell v New York Post Co.,* 81 NY2d 115, 121 [1993]). Accordingly, the defendants were entitled to dismissal of the cause of action alleging intentional infliction of emotional distress.

The plaintiff's remaining contentions are without merit. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.