WILLIAM C. SAGER, SR., Individually and as Adminstrator of the Estate of WILLIAM C. SAGER, JR., Deceased, Respondent, v CITY OF BUFFALO et al., Defendants, and NHJB, INC., Doing Business as MOLLY'S PUB, Individually and as a Private Actor Jointly Engaged with Government Officials in Prohibited Action, et al., Appellants. [58 NYS3d 796]—

Appeals from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered August 15, 2016. The order, among other things, denied the motions of defendants-appellants seeking to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is modified on the law by granting the motion of defendant Michael Miranda and dismissing the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff, individually and as administrator of decedent's estate, commenced this action seeking damages arising from fatal injuries sustained by decedent while he was a patron at Molly's Pub. Defendant Norman Habib is the sole shareholder of defendant NHJB, Inc., doing business as Molly's Pub (NHJB), which operated Molly's Pub. NHJB entered into a two-year agreement with defendant Michael Miranda to lease

the premises, and it is undisputed that decedent was injured during the period of the lease. Plaintiff alleged that an employee of NHJB assaulted decedent, who was then removed from the establishment by bouncers, off-duty police officers for defendant City of Buffalo (City), who allegedly did not timely seek medical assistance for decedent. With respect to defendants NHJB, Habib and Miranda, plaintiff alleged that each was liable for damages pursuant to 42 USC § 1983 for conspiracy to deprive decedent of his civil rights and for wrongful death. Plaintiff also alleged that each of those defendants was liable for negligent hiring and retention, violation of the Dram Shop Act, negligence based upon a defective or dangerous condition of the premises, and wrongful death.

NHJB and Habib (collectively, NHJB defendants) moved to dismiss the complaint against Habib, a Florida domiciliary, for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), and to dismiss the complaint against them both for failure to state a cause of action (see CPLR 3211 [a] [7]). We conclude that Supreme Court properly determined that plaintiff made a prima facie showing of personal jurisdiction pursuant to CPLR 302 (a) (1) (see Fischbarg v Doucet, 9 NY3d 375, 381 n 5 [2007]). Habib is the named principal on the liquor license and, in opposition to the motion, plaintiff provided the transcript of the testimony of a witness at the criminal trial of NHJB's employee in connection with decedent's death, who stated that Habib was regularly at Molly's Pub and was present at Molly's Pub on the night decedent was injured, although not at the time the injuries were inflicted. Thus, upon consideration of the totality of the circumstances, we conclude that Habib " 'has engaged in sufficient purposeful activity to confer jurisdiction in New York' " (Grimaldi v Guinn, 72 AD3d 37, 44-45 [2010]; see generally Fischbarg, 9 NY3d at 380). We further conclude that Habib's "conduct in relation to New York was such that [he] 'should [have] reasonably anticipate[d] being haled into court' " in this state, and thus the exercise of jurisdiction does not violate due process (Matter of Chautauqua County Dept. of Social Servs. v Rita M.S., 94 AD3d 1509, 1514 [2012], quoting World-Wide Volkswagen Corp. v Woodson, 444 US 286, 287 [1980]).

We further conclude that the court properly denied the NHJB defendants' motion based on the failure to state a cause of action. It is axiomatic that we " 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiff[ ] the benefit of every possible favorable inference and determine only whether the facts as alleged

fit within any cognizable legal theory' " (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]). We conclude with respect to each cause of action that plaintiff stated a cause of action against the NHJB defendants.

We agree with Miranda, however, that the court erred in denying his motion to dismiss the complaint against him pursuant to CPLR 3211 (a) (7), and we therefore modify the order accordingly. The conclusory allegations in the complaint alleging liability on the same grounds as those alleged against the NHJB defendants based upon the alleged ownership or partnership interest in the operation of Molly's Pub are insufficient to state a cause of action against him. In support of that part of his motion to dismiss the complaint insofar as it alleged that he was liable for negligent hiring or retention of NHJB employees, a violation of the Dram Shop Act and negligence based upon an alleged dangerous condition, Miranda submitted the lease, which provides that he shall not be liable for injury to persons or for any defects in the building. He also submitted an affidavit in which he stated that he has no ownership interest in Molly's Pub, that did he not exercise any control over the operation of Molly's Pub or the personnel of NHJB, that he had no actual or constructive notice of a dangerous or defective condition on the premises and that he was "merely an out-of-possession landlord." In support of that part of his motion to dismiss the complaint insofar as it alleged that he engaged in a conspiracy with state actors, Miranda averred that he had never been part of any agreement with the City or its police department to act in concert with any state actor for any purpose, and he had never been issued a liquor license for a bar on the premises based upon the alleged ownership or partnership interest in the operation of Molly's Pub.

"[W]hile it is axiomatic that a court must assume the truth of the complaint's allegations, such an assumption must fail where there are conclusory allegations lacking factual support . . . Indeed, a cause of action cannot be predicated solely on mere conclusory statements . . . unsupported by factual allegations" (*Miller v Allstate Indem. Co.*, 132 AD3d 1306, 1307 [2015] [internal quotation marks omitted]). Here, plaintiff failed to allege any facts to support his allegation that Miranda had an ownership or partnership interest in the operation of Molly's Pub. Exhibits attached to the affirmation of plaintiff's attorney submitted in opposition to the motion, including a "Notice to Landlord," i.e., Miranda, advising that proceedings had been commenced to revoke the liquor license

issued to Habib, and a hyperlink to a video on the New York State Liquor Authority's website that states that Miranda, as landlord, was present at the revocation hearing but did not participate were not sufficient to remedy the defects in the complaint alleging that Miranda had an ownership interest in NHJB or was an operating partner of Molly's Pub (*see generally Leon v Martinez*, 84 NY2d 83, 88 [1994]).

All concur except DeJoseph, J., who dissents in part and votes to affirm in the following memorandum.

DeJoseph, J. (dissenting). I respectfully dissent in part. I agree with the majority that Supreme Court properly denied the motion of defendants Norman Habib and NHJB, Inc., doing business as Molly's Pub (NHJB defendants), to dismiss the complaint against them. I do not agree with the majority, however, that the court erred in denying the motion of defendant Michael Miranda to dismiss the complaint against him. I therefore would affirm the order.

It is well settled that, on a CPLR 3211 (a) (7) motion to dismiss, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Barski v Town of Aurelius*, 147 AD3d 1483, 1483 [2017]). "We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). As this Court recognized in *Liberty Affordable Hous., Inc. v Maple Ct. Apts.* (125 AD3d 85, 89 [2015]), "evidentiary submissions may only be considered for a limited purpose in assessing the facial sufficiency of a civil complaint . . . This limited purpose . . . is twofold. On the one hand, affidavits submitted by the defendant [as movant] will seldom if ever warrant the relief sought under CPLR 3211 (a) (7) *unless too* the affidavits establish *conclusively* that plaintiff has no cause of action . . . On the other hand, the nonmoving party may freely submit evidentiary materials to preserve inartfully pleaded, but potentially meritorious, claims" (internal quotation marks omitted).

The complaint, liberally construed, alleges that Miranda was the owner of the subject premises located at 3199 Main Street, Buffalo, New York, commonly known as Molly's Pub. It further alleges that Miranda is an owner, principal, director, operating partner, and/or silent partner with the NHJB defendants and Molly's Pub. Despite the fact that the complaint alleges the same facts and causes of action as to the NHJB defendants

and Miranda, the majority concludes that plaintiff stated a cause of action against the NHJB defendants, but failed to do so as to Miranda. The majority relies on, inter alia, Miranda's submission of the lease and an affidavit that indicated that he was "merely an out-of-possession landlord." In my view, the language contained in the lease is not dispositive and, accepting the allegations in the complaint as true, I conclude that plaintiff is entitled to discovery on the issue whether Miranda "actually was an out-of-possession landlord [who] had relinquished control [of the premises]" (*Kane v Port Auth. of N.Y. & N.J.*, 49 AD3d 503, 504 [2008]). Present—Smith, J.P., DeJoseph, Troutman and Scudder, JJ.