■ DONALD HALL, Respondent, v CITY OF BUFFALO et al., Defendants, and NHJB, INC., Doing Business as MOLLY'S PUB, et al., Appellants. [59 NYS3d 224]—

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered August 15, 2016. The order, among other things, denied the motion of defendants NHJB, Inc., doing business as Molly's Pub, and Norman Habib, individually and in his official capacity as a shareholder of NHJB, Inc., to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, false arrest, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. He alleges that he was with his friend William Sager at a bar operated by defendant NHJB, Inc., doing business as Molly's Pub (NHJB), when an employee of the bar pushed Sager down a flight of stairs, causing injuries that ultimately resulted in Sager's death (*see Sager v City of Buffalo*, 151 AD3d 1908 [June 30, 2017]); that he went to check on Sager and was told to leave the premises by defendant Robert Eloff, an off-duty police officer who was providing security at the bar; that he moved onto a public sidewalk, but Eloff nonetheless arrested him and made false statements to other officers that led to plaintiff being charged with criminal trespass in the third degree; and that he was taken back into the bar in handcuffs and placed next to Sager, who was unconscious and bleeding. Defendant Norman Habib, a resident of Florida at the time of the incident, was the sole shareholder of NHJB. NHJB and Habib (hereafter, defendants) moved to dismiss the complaint against them in part pursuant to CPLR 3211 (a) (7) and (8), contending that the court lacked personal jurisdiction over Habib, and that the complaint failed to state a cause of action against them except insofar as it alleged assault and battery against NHJB. Supreme Court denied the motion, and defendants appeal.

Contrary to defendants' contention, we conclude that plaintiff made " 'a prima facie showing' " that the court has personal jurisdiction over Habib (*Halas v Dick's Sporting Goods*, 105 AD3d 1411, 1412 [2013]; *see Sager*, 151 AD3d at 1909. As the principal and sole shareholder of NHJB, which operated a bar in New York, Habib transacted business in New York within the meaning of CPLR 302 (a) (1) (*see People v Frisco Mktg. of NY LLC*, 93 AD3d 1352, 1353-1354 [2012]; *CIBC Mellon Trust Co. v HSBC Guyerzeller Bank AG*, 56 AD3d 307, 308-309 [2008]; *see generally Kreutter v McFadden Oil Corp.*, 71 NY2d

460, 467-472 [1988]), and we conclude that there is a substantial relationship between plaintiff's claims and Habib's activities in New York (*see generally Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 339 [2012]; *Fischbarg v Doucet*, 9 NY3d 375, 384 [2007]). In addition, we conclude that the exercise of personal jurisdiction over Habib comports with due process (*see Fischbarg*, 9 NY3d at 384-385; *Sager*, 151 AD3d at 1909; *see generally LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216 [2000]).

We reject defendants' contention that the complaint fails to state a cause of action against them for false arrest in violation of 42 USC § 1983. Although defendants are not state actors, the complaint alleges that they engaged in a conspiracy with police officers to have plaintiff arrested without probable cause in order to suppress evidence of what had happened to Sager (*see generally Payne v County of Sullivan*, 12 AD3d 807, 809-810 [2004]; *Freedman v Coppola*, 206 AD2d 893, 893-894 [1994]), and we reject defendants' contention that plaintiff's allegations of conspiracy are merely conclusory (*cf. Williams v Maddi*, 306 AD2d 852, 853 [2003], *lv denied* 100 NY2d 516 [2003], *cert denied* 541 US 960 [2004]; *Ford v Snashall*, 285 AD2d 881, 882 [2001]).

We also reject defendants' contention that the complaint fails to set forth a basis for holding Habib liable in his individual capacity for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Accepting plaintiff's allegations as true and affording him the benefit of every possible favorable inference on defendants' motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the complaint sufficiently alleges that Habib was Eloff's employer and therefore potentially subject to vicarious liability for Eloff's actions (*see Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015, 1016 [2014]; *Young v Nationwide Mut. Ins. Co.*, 21 AD3d 1099, 1101 [2005]; *see generally Riviello v Waldron*, 47 NY2d 297, 302-304 [1979]; *Bilias v Gaslight, Inc.*, 100 AD3d 533, 533-534 [2012]).

Contrary to defendants' further contention, we conclude that plaintiff's cause of action for negligent infliction of emotional distress, which is premised on his alleged placement in handcuffs next to the grievously injured Sager, sufficiently alleges that the conduct at issue was negligent (*cf. Santana v Leith*, 117 AD3d 711, 712 [2014]). While the same conduct is characterized as intentional elsewhere in the complaint, plaintiff is entitled to plead inconsistent theories of liability (*see CPLR 3014; Mitchell v New York Hosp.*, 61 NY2d 208, 218 [1984]).

Defendants' remaining contentions are not properly before us inasmuch as they were raised for the first time either in defendants' reply papers (*see Nick's Garage, Inc. v Liberty Mut. Fire Ins. Co.*, 120 AD3d 967, 968 [2014]), or on appeal (*see Matter of Small Smiles Litig.*, 125 AD3d 1531, 1532 [2015]). Present—Peradotto, J.P., DeJoseph, Curran and Winslow, JJ.