Johnson v Bernier (2020 NY Slip Op 04894)





Johnson v Bernier


2020 NY Slip Op 04894


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

528811

[*1]Johnathan Johnson, Appellant,
v
Denise Bernier, as Freedom of Information Law Officer, Upstate Correctional Facility, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Main Jr., J.), entered March 13, 2019 in Franklin County, which granted defendant's motion for summary judgment dismissing the complaint.
In June 2015, plaintiff, a prison inmate, commenced this action pursuant to 42 USC § 1983, asserting that defendant denied his right to access to the courts by refusing to preserve certain video recordings concerning the facility law library and the delivery of legal mail. In June 2018, Supreme Court (Ellis, J.) issued a scheduling order requiring, among other things, that all dispositive motions be filed no later than 120 days prior to the February 11, 2019 trial date. In December 2018, Justice Ellis disqualified himself and the matter was reassigned to a different Supreme Court Justice (Main Jr., J.).[FN1] Defendant thereafter moved for additional time to file dispositive motions. Although Supreme Court denied the motion, the court also stated that its schedule could not accommodate a February 11, 2019 trial and consequently granted the parties until February 22, 2019 to serve and file dispositive motions. On February 20, 2019, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion on the ground that plaintiff should have filed a grievance regarding his claim and, therefore, he had failed to exhaust his administrative remedies. Plaintiff appeals, arguing that the motion was untimely based upon Justice Ellis' initial scheduling order and, alternatively, that the exhaustion of administrative remedies by the filing of a grievance was not applicable.
Initially, "[p]ursuant to CPLR 3212 (a), Supreme Court was free to establish its own deadline for the submission of a motion for summary judgment" (Vanderlyn v Daly, 97 AD3d 1053, 1055 n 2 [2012], lv denied 20 NY3d 853 [2012]). Moreover, "[a] trial court is vested with the exclusive authority to extend filing deadlines" (Wilmington Sav. Fund Socy., FSB v McKenna, 172 AD3d 1566, 1567 [2019]). Under these circumstances, we cannot conclude that Supreme Court abused its discretion in setting a February 22, 2019 deadline for dispositive motions in this matter. Contrary to plaintiff's contention, Justice Ellis' scheduling order did not constitute the law of the case, inasmuch as that order was a discretionary case management decision to which the doctrine is inapplicable (see Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 787-788 [2019], lv dismissed 34 NY3d 1145 [2020]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765 [2002]).
As to the merits, Supreme Court granted defendant's summary judgment motion on the ground that plaintiff was challenging a policy of the Department of Corrections and Community Supervision (hereinafter DOCCS) and was therefore required to first exhaust his administrative remedies by filing a grievance. Under the Prison Litigation Reform Act of 1995 (see 42 USC § 1997e [a]), "a prisoner must exhaust all available administrative remedies prior to filing a claim under 42 USC § 1983, regardless of whether the prisoner seeks relief that may not be obtained in the administrative proceeding, including money damages, or whether the administrative action is challenged on a constitutional basis" (Sheils v County of Fulton, 14 AD3d 919, 920 [2005], lv denied 4 NY3d 711 [2005]; see Porter v Nussle, 534 US 516, 524, 532 [2002]). Pursuant to DOCCS Directive No. 4942, inmates may request copies of video recordings for matters other than disciplinary proceedings by way of the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]). We note, and defendant concedes, that decisions regarding an inmate's FOIL requests are considered non-grievable (see 7 NYCRR 701.3 [e] [1], [2]).
In support of the summary judgment motion, defendant presented the affidavit of an administrator of the facility FOIL office. The administrator averred that, upon a FOIL request by an inmate for a video recording, her responsibility is to contact the facility video officer and request that the relevant portion of the video recording be preserved. She then notifies the inmate whether the preservation was successful and, if the recording is preserved, the inmate is notified of the cost of transferring the recording to a DVD and informed that if the recording is not purchased within one year, it will be recycled and no longer available for viewing. The administrator did not make any specific references, however, to her actions regarding plaintiff's requests, including whether she had requested that the recordings be preserved. Defendant argued in its summary judgment motion that plaintiff was actually challenging DOCCS's policy regarding the one-year time limit on preserving the recordings, a challenge that is properly brought under the Inmate Grievance Program (see 7 NYCRR 701.2 [a]). A review of plaintiff's complaint, however, reflects that he does not raise that issue. Rather, he merely claims that defendant "refused to preserve" the recordings. Moreover, plaintiff filed the complaint in June 2015, only one month after the dates on which the recordings at issue were allegedly made, well before the one-year time limit would have lapsed, and the administrator did not affirm that she had informed plaintiff of the time limit. In our view, the record does not support a finding that plaintiff was challenging a DOCCS policy rather than the actions of the facility FOIL office in denying his requests. As such, plaintiff was not required to file a grievance in order to exhaust his administrative remedies (see 7 NYCRR 701.3 [e] [1], [2]), and Supreme Court erred in dismissing the complaint on this ground. Rather than remitting the matter to Supreme Court, we will, in the interest of judicial economy, address the other issue raised on defendant's motion.
Defendant also argues that plaintiff failed to state a cause of action for the denial of access to the courts. We agree. "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' . . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim'" (Monsky v Moraghan, 127 F3d 243, 247 [2d Cir 1997], cert denied 525 US 823 [1998], quoting Lewis v Casey, 518 US 343, 351 [1996]; see Burroughs v Petrone, 138 F Supp 3d 182, 210 [ND NY 2015]; Ford v Snashall, 285 AD2d 881, 882 [2001]). In his complaint, plaintiff merely alleges that defendant refused to preserve video recordings of the facility law library on May 2, 2015 and of the mail delivery on May 18, 2015. Plaintiff does not describe what the recordings would show, what legal mail was involved or how defendant's alleged actions in preventing the preservation of the videos from those two days hindered his opportunity to pursue a legal claim. In light of defendant's vague and conclusory allegations regarding any actual injury, he has failed to state a cause of action for being denied access to the courts and dismissal of his claim on this ground is proper (see Burroughs v Petrone, 138 F Supp 3d at 210; Ford v Snashall, 285 AD2d at 882).
Garry, P.J., Lynch, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This matter was one of 24 matters reassigned to Justice Main at that time.