People v Bruen (2020 NY Slip Op 05557)





People v Bruen


2020 NY Slip Op 05557


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

529022

[*1]Johnathan Johnson, Appellant,
v
Kevin Bruen, as Deputy Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered March 27, 2019 in Albany County, which granted defendants' motion to dismiss the complaint.
Plaintiff, an inmate in the custody of the Department of Corrections and Community Supervision, commenced this action pursuant to 42 USC § 1983 against defendants — the Deputy Commissioner and Acting Commissioner of Corrections and Community Supervision — alleging that they violated his rights to access the courts and equal protection under the US Constitution. According to plaintiff's amended complaint, he was unable to file timely legal papers and meet court-ordered deadlines when defendants denied him further advances on his delinquent inmate account for photocopies and postage in contravention of certain prison regulations governing privileged correspondence and the collection of monies due from inmates. Prior to serving an answer, defendants moved to dismiss the amended complaint for failure to state a cause of action. Supreme Court granted the motion, and this appeal by plaintiff ensued.
"On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (McFadden v Amodio, 149 AD3d 1282, 1283 [2017] [internal quotation marks and citations omitted]; see CPLR 3211 [a] [7]; Duffy v Baldwin, 183 AD3d 1053, 1054 [2020]; Szydlowski v Town of Bethlehem, 162 AD3d 1188, 1189 [2018]). "Although this is a liberal standard, it will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (Goldberg v Elia, 174 AD3d 1214, 1215 [2019] [internal quotation marks and citations omitted], appeal dismissed 34 NY3d 1174 [2020]).
Accepting the allegations in the complaint as true and according every possible inference to the benefit of plaintiff, we agree with Supreme Court that plaintiff's complaint failed to state a cause of action under CPLR 3211 (a) (7). "In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' . . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim'" (Monsky v Moraghan, 127 F3d 243, 247 [2d Cir 1997], cert denied 525 US 823 [1998], quoting Lewis v Casey, 518 US 343, 351 [1996]; accord Ford v Snashall, 285 AD2d 881, 882 [2001]; see Burroughs v Petrone, 138 F Supp 3d 182, 210 [ND NY 2015]). To establish an actual injury, a plaintiff must state in his or her complaint a "nonfrivolous legal claim" that had been frustrated or impeded by the defendant (see Lewis v Casey, 518 US at 353), and the complaint should state the underlying legal claims with the same degree of specificity "as if [they] were being independently pursued" (Christopher v Harbury, 536 US 403, 417-418 [2002]).
In his complaint, plaintiff failed to set forth with any degree of specificity or detail the causes of action that were allegedly hindered by defendants' actions. Rather, plaintiff listed the captions and index numbers for 24 actions that were allegedly dismissed due to plaintiff's failure to meet filing deadlines. Inasmuch as plaintiff failed to independently plead these underlying claims with any specificity, he has failed to demonstrate that such claims were nonfrivolous and has therefore failed to make out a cause of action for the denial of the constitutional right to access the courts (see Ford v Snashall, 285 AD2d at 882; cf. Kosmider v Garcia, 111 AD3d 1134, 1138 [2013]).
Plaintiff also failed to state a cause of action for a violation of his equal protection rights. His complaint contains no allegations that he was differently or "selectively treated" as compared to similarly situated inmates and that the determination to deny him further advances on his already delinquent inmate account was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [2004]; see Matter of State of New York v Myron P., 20 NY3d 206, 211 [2012]; Matter of Muggelberg v Annucci, 131 AD3d 1312, 1313 [2015]).
Finally, Supreme Court also properly dismissed plaintiff's claim that defendants violated his constitutional rights by failing to comply with prison directives governing privileged inmate correspondence and the collection and repayment of inmate advances and obligations. A violation of a Department of Corrections and Community Supervision directive does not rise to a violation of constitutional or federal statutory rights sufficient to support a civil rights claim under 42 USC § 1983 (see Holcomb v Lykens, 337 F3d 217, 224 [2d Cir 2013]; Shakur v Selsky, 391 F3d 106, 119 [2004]; Pollnow v Glennon, 757 F2d 496, 501 [2d Cir 1985]; Garraway v Smith, 2019 WL 2135479, *4, 2019 US Dist LEXIS 82944, *10 [WD NY, May 16, 2019, No. 12-CV-924S (WMS)]; Melendez v Fischer, 2013 WL 5592497, *3, 2013 US Dist LEXIS 146937, *8 [WD NY, Oct. 10, 2013, No. 13-CV-6231 (CJS)]; see generally Gomez v Toledo, 446 US 635, 640 [1080]). Accordingly, accepting the allegations in the complaint as true and according every possible inference to the benefit of plaintiff, we agree with Supreme Court that plaintiff's complaint failed to state a claim pursuant to CPLR 3211 (a) (7). To the extent that plaintiff's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.