Naegele v Fox (2022 NY Slip Op 03586)

Naegele v Fox

2022 NY Slip Op 03586

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.

97 CA 20-01356

[*1]BERNARD J. NAEGELE AND LORRIE S. NAEGELE, PLAINTIFFS-RESPONDENTS,
v
STEPHEN FOX, DEFENDANT-APPELLANT. 

WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PLAINTIFF-RESPONDENT BERNARD J. NAEGELE.
KENNEY SHELTON LIPTAK NOWAK LLP, JAMESVILLE (DANIEL K. CARTWRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT LORRIE S. NAEGELE. 

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered September 29, 2020. The order granted the motion of plaintiff Lorrie S. Naegele and the cross motion of plaintiff Bernard J. Naegele to dismiss defendant's counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, Bernard J. Naegele (Bernard) and Lorrie S. Naegele (Lorrie), and defendant, who own adjacent lakefront properties on Seneca Lake in the Town of Geneva (Town), are involved in an ongoing dispute over aspects of a residential construction project undertaken by defendant. Lorrie, who is also the Town Clerk, has previously been sued by defendant in her official capacity, along with others, in hybrid CPLR article 78 proceedings and civil rights actions challenging, inter alia, the Town's determination that defendant's property was in violation of certain provisions of the Town of Geneva Code (Code) (Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576 [4th Dept 2019]). During the pendency of those hybrid proceedings and actions, the Town enacted new provisions of the Code related to zoning, and plaintiffs subsequently commenced the present action against defendant alleging various causes of action based, in part, on the new provisions of the Code and seeking, inter alia, removal of certain walls built and fill placed by defendant. Defendant interposed a counterclaim alleging pursuant to 42 USC § 1983 that plaintiffs had conspired with Town officials to violate his constitutionally protected, vested property rights. Defendant now appeals from an order that granted Lorrie's motion and Bernard's cross motion to dismiss the counterclaim against them pursuant to CPLR 3211. We affirm.
Preliminarily, as the parties agree, Supreme Court erred as a matter of law in dismissing the counterclaim on the ground that a conspiracy claim under 42 USC § 1983 may be brought only against one acting in their official capacity, not as a private actor. Contrary to the court's determination, a litigant may "establish section 1983 liability on the part of . . . a private actor . . . [by] show[ing] that [the private actor] acted under color of State law or otherwise jointly engaged with government officials in the prohibited action" (Freedman v Coppola, 206 AD2d 893, 893 [4th Dept 1994]; see Hall v City of Buffalo, 151 AD3d 1942, 1944 [4th Dept 2017]). In that regard, "it is sufficient to establish that [the private actor] willfully participated with State actors in a conspiracy to deprive [the litigant] of [their] civil rights" (Freedman, 206 AD2d at 893).
We nonetheless conclude that, contrary to defendant's contention that he adequately [*2]stated a cause of action against plaintiffs in their capacities as private actors for conspiracy to violate his civil rights, plaintiffs are entitled to dismissal of the counterclaim pursuant to CPLR 3211 (a) (7). "On a motion to dismiss . . . pursuant to CPLR 3211, we must liberally construe the pleading and 'accept the facts as alleged in the [pleading] as true, accord [the nonmoving party] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], rearg denied 37 NY3d 1020 [2021], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]). "The allegations in a [pleading], however, cannot be vague and conclusory . . . , and [b]are legal conclusions will not suffice" (Choromanskis v Chestnut Homeowners Assn., Inc., 147 AD3d 1477, 1478 [4th Dept 2017] [internal quotation marks omitted]; see Connaughton, 29 NY3d at 141-142). Thus, "[d]ismissal of [a pleading or cause of action] is warranted if the [pleading party] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton, 29 NY3d at 142).
With respect to the theory of liability raised in the counterclaim here, to state a claim against a private individual for a section 1983 conspiracy, the pleading party "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages" (Ciambriello v County of Nassau, 292 F3d 307, 324-325 [2d Cir 2002]; see Pangburn v Culbertson, 200 F3d 65, 72 [2d Cir 1999]). Although courts "have recognized that such conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence," "conclusory allegations of a [section] 1983 conspiracy are insufficient" to sustain a claim (Pangburn, 200 F3d at 72 [internal quotation marks omitted]). Thus, "[a] claim for conspiracy to violate civil rights requires a detailed fact pleading" and a claim "containing only conclusory, vague and general allegations of a conspiracy to deprive a person of constitutional rights cannot withstand a dismissal motion" (Kubik v New York State Dept. of Social Servs., 244 AD2d 606, 610 [3d Dept 1997]; see Williams v Maddi, 306 AD2d 852, 853 [4th Dept 2003], lv denied 100 NY2d 516 [2003], cert denied 541 US 960 [2004]).
Here, viewing the counterclaim in the appropriate light (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP, 37 NY3d at 175), we conclude that defendant did not state a cause of action inasmuch as he "failed to substantiate his [counterclaim] 'with detailed factual information concerning the alleged conspiracy' " (Ford v Snashall, 285 AD2d 881, 882 [3d Dept 2001]; see Williams, 306 AD2d at 853). Indeed, the material allegations in the counterclaim largely consist of vague and general repetitions of defendant's prior claims that Lorrie had a conflict of interest and some unspecified communications with certain government actors "in an effort to convince them to take adverse action towards [d]efendant and/or the [p]roject," as well as bare legal conclusions that plaintiffs and the Town acted in concert and conspired to apply new zoning provisions retroactively to his property. Defendant's only arguably new allegation that handwritten notes obtained pursuant to a FOIL request of an unspecified date "indicate a meeting between [Lorrie] and otherwise [sic] with respect to the [b]reakwall and/or the [p]roperty" does not even purport to be related to communications by Lorrie as a private individual with respect to the new zoning requirements and, in any event, that allegation is generic and speculative regarding the nature of any agreement that may have been reached between Lorrie and the Town (see Scarfone v Village of Ossining, 23 AD3d 540, 541 [2d Dept 2005]). Moreover, as the court properly recognized, the counterclaim as asserted against Bernard lacks the requisite detailed pleading of facts, inasmuch as there are no specific allegations concerning his purported involvement in a conspiracy (see id.; Williams, 306 AD2d at 853; Ford, 285 AD2d at 882). Additionally, defendant improperly relies on mere speculation that plaintiffs' lawsuit itself is indicative of a conspiracy (see Scarfone, 23 AD3d at 541) and, inasmuch as the counterclaim lacks sufficient allegations that plaintiffs contributed to any actions by the Town, defendant has not adequately alleged "the collaborative action necessary to render [plaintiffs] liable, as . . . private citizen[s], under 42 USC § 1983" (Payne v County of Sullivan, 12 AD3d 807, 810 [3d Dept 2004]). In sum, defendant failed to state a cause of action because the allegations "regarding conspiracy are vague and conclusory, and fail to offer sufficient factual details regarding an agreement among [plaintiffs and the Town] to deprive [defendant] of property in the absence of due process of law, the equal protection of the laws, or privileges and immunities secured to [defendant] by the laws and the Constitution of the United States" (Matter [*3]of Nocro, Ltd. v Russell, 94 AD3d 894, 895 [2d Dept 2012]).
In light of our determination, we do not address the remaining bases for the court's dismissal of the counterclaim.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court